785 P.2d 221

Marc SCOTT, d/b/a Rainbow Construction Company and Rainbow Construction Company, Inc., Plaintiffs–Appellants,

v.

BOARD OF COMMISSIONERS OF the COUNTY OF LOS ALAMOS, Thomas Edgerton, Leroy Sanchez, Betsy Lucido, Defendants–Appellees.

No. 18040.

Supreme Court of New Mexico.

Oct. 31, 1989.

Rehearing Denied Dec. 5, 1989.

Roth, VanAmberg, Gross, Amarant & Rogers, Carl Bryant Rogers, Santa Fe, for plaintiffs-appellants.

Caldwell, Lenssen, Mandel, John L. Lenssen, Santa Fe, for defendants-appellees.

## OPINION

LARRABEE, Justice.

Plaintiffs-appellants, Marc Scott, d/b/a Rainbow Construction Company and Rainbow Construction Company, Inc. (Rainbow), appeal from the district court's order granting summary judgment in favor of defendants-appellees, Board of Commissioners of the County of Los Alamos, Thomas Edgerton, Leroy Sanchez, and Bet-

sy Lucido (the County defendants). We affirm.

On June 3, 1986, Rainbow entered into a contract with the County of Los Alamos to construct a new entrance to the municipal annex building in Los Alamos. The contract called for completion 120 days from receipt of a notice to proceed. That notice was received on June 11, 1986, with completion due October 9, 1986.

The contract also provided for liquidated damages of $250 per day for each day beyond the scheduled completion. Substantial completion of the project was granted on November 28, 1986, or forty-nine days late. Pursuant to. the contract the County granted extensions of seventeen days and assessed liquidated damages of $8,000. Edgerton, Sanchez and Lucido, who are respectively the Director of Public Works, County Engineer, and Project Manager and Assistant County Engineer, made the determination to enforce the contractual provision for liquidated damages. The decision to withhold the $8,000 as liquidated damages at $250 per day for thirty-five days was made by Edgerton, Sanchez, and Lucido, and ratified by the Board of County Commissioners of Los Alamos.

Rainbow initiated this lawsuit alleging various tort and contract claims, and a substantive due process claim under 42 U.S.C. Section 1983 (1979) against the County defendants in their individual and official capacities for unreasonable, arbitrary and capricious conduct causing the deprivation of plaintiffs' property without due process. The district court granted the summary judgment motion of the County defendants finding that: "Section 42 U.S.C. 1983 does not apply to a case based upon alleged breach of contract"; and "Plaintiffs have a claim for breach of contract including prejudgment interest and punitive damages under Count V and therefore no basis for a claim for violation of their civil rights." We affirm the judgment of the district court.

42 U.S.C. Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The initial inquiry in any Section 1983 action must focus on whether two essential elements are present: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *accord Rubio v. Carlsbad Mun. School Dist.*, 106 N.M. 446, 450, 744 P.2d 919, 923 (Ct.App.1987); *Ramah Navajo School Bd. v. Bureau of Revenue*, 104 N.M. 302, 305, 720 P.2d 1243, 1246 (Ct.App.), *cert. quashed*, 104 N.M. 201, 718 P.2d 1349, *cert. denied*, 479 U.S. 940, 107 S.Ct. 423, 93 L.Ed.2d 373 (1986).

The issue presented in this case is whether, pursuant to the contract, the assessment of liquidated damages for untimely performance by Rainbow provides the basis for a claim under Section 1983.

Rainbow has not asserted that the state law remedy for the alleged breach of contract is procedurally inadequate. Instead, Rainbow argues that the County's arbitrary conduct in breaching the contract denied Rainbow substantive due process under the fourteenth amendment. Rainbow characterizes its interest as a "contractual entitlement to receive the $8,000 liquidated damages," and claims it has a substantive due process right not to be deprived of this interest by arbitrary, capricious or irrational government conduct. Rainbow maintains that various delays beyond its control and fault caused the project to be substantially completed forty-nine days after the original completion date. Further, Rainbow submits that, if appropriate time ex-

tensions had been granted to take into account unforeseen construction problems involving a concrete foundation and material in the wall with which the new construction was to be joined, as well as rain delays, any basis for liquidated damages would have been eliminated.

■ By virtue of its written contract with the County, Rainbow has a legitimate claim of entitlement to receive full payment under the agreement and, therefore, it has a cognizable property interest created under state law. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). Implication of a cognizable property interest, however, does not necessarily imply the existence of a cause of action under Section 1983. "Section 1983 does not create a remedy for every wrong committed under color of state law." *Ohio Inns, Inc. v. Nye,* 542 F.2d 673, 679 (6th Cir.1976), *cert. denied,* 430 U.S. 946, 97 S.Ct. 1583, 51 L.Ed.2d 794. (1977); *accord Street v. Surdyka,* 492 F.2d 368, 370–71 (4th Cir.1974); *Simmons v. Wetherell,* 472 F.2d 509, 511 (2d Cir.), *cert. denied,* 412 U.S. 940, 93 S.Ct. 2777, 37 L.Ed.2d 399 (1973).

■ *Procedural Due Process.* Breach of contract by state actors does not amount to a deprivation of property without procedural due process if adequate state law remedies exist to redress the breach.

> [I]t is no accident that the constitutional provision is labelled the Due *Process* Clause. Its focus is not on the deprivation of property alone, but only such deprivation "without due process of law." Surely, it was never intended to create, via Section 1983, a font of contract law governing ordinary contractual breaches by the state.
>
> For present purposes the teachings of *Parratt v. Taylor,* * * * in the tort law field are equally compelling here. Just as the availability of a post-deprivation state tort remedy satisfied the dictates of procedural due process in *Parratt,* so plaintiffs' right to sue for breach of contract in the state court system comports

with the Fourteenth Amendment here. (emphasis in original, citations omitted.) *Buck v. Village of Minooka,* 552 F.Supp. 298, 300 (N.D.Ill.,E.D.1982). "A mere allegation of a breach of a contractual right is not a deprivation of property without *constitutional* due process. *Bishop v. Wood,* 426 U.S. 341, 349–50, 96 S.Ct. 2074, 2079–80, 48 L.Ed.2d 684 (1976) (emphasis added); *Boston Envtl. Sanitation Inspectors Ass'n v. City of Boston,* 794 F.2d 12, 13 (1st Cir.1986) (per curiam). Otherwise, virtually every controversy involving an alleged breach of contract by a governmental agency would be a constitutional case. *Bleeker v. Dukakis,* 665 F.2d 401, 403 (1st Cir.1981); *see also Genesco Entertainment, A Div. of Lymutt, Inc. v. Koch,* 593 F.Supp. 743, 754–55 (S.D.N.Y.1984) ("To allow breach of contract claims to be pursued under section 1983 would truly open the flood gates of litigation.") Rainbow's action is, in essence, one for breach of contract for which the state provides a complete and adequate remedy. Therefore, this case raises no issue concerning procedural due process, nor is one claimed.

*Substantive Due Process.* In addition, a plaintiff does not necessarily state a substantive due process claim under Section 1983 when it is alleged that the state arbitrarily and capriciously deprived that plaintiff of a state-created property interest. "[N]ot every [interest] is entitled to the protection of substantive due process. While property interests are protected by procedural due process even though the interest is derived from state law rather than the Constitution * * * substantive due process rights are created only by the Constitution." *Regents of Univ. of Mich. v. Ewing,* 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (citation omitted) (Powell, J., concurring); *see also Kauth v. Hartford Ins. Co. of Ill.,* 852 F.2d 951, 957 (7th Cir.1988) ("[W]e do not believe that substantive due process protects state-created property rights."); *Mangells v. Pena,* 789 F.2d 836, 839 (10th Cir.1986) ("Rights of substantive due process are founded not upon state provisions but upon deeply rooted notions of fundamental personal interests derived from the Constitution.")

Even though the history of substantive due process "counsels caution and restraint," *Moore v. City of East Cleveland, Ohio,* 431 U.S. 494, 502, 97 S.Ct. 1932, 1937, 52 L.Ed.2d 531 (1977) (plurality opinion), there exists some case law that recognizes substantive due process claims premised upon arbitrary governmental conduct relating to the deprivation of a property interest. *See Brenna v. Southern Colo. State College,* 589 F.2d 475 (10th Cir.1978) (decision of university officials to eliminate position of a tenured professor as opposed to a nontenured teacher was deemed arbitrary and capricious). In reviewing the issue of teacher discharges, it appears that courts have been more willing to entertain claims of substantive due process violations, perhaps because a teacher's right to continued employment implicates both liberty and property interests. *See Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 572, 92 S.Ct. 2701, 2706–07, 33 L.Ed.2d 548 (1972). In the present case, however, there is no allegation that the County's action impacted upon any articulable liberty interest of Rainbow.

 The determination that a substantive due process right exists is a judgment that "certain interests require particularly careful scrutiny of the state needs asserted to justify their abridgement." *Poe v. Ullman,* 367 U.S. 497, 543, 81 S.Ct. 1752, 1777, 6 L.Ed.2d 989 (1961) (Harlan, J., dissenting). *See, e.g., Bateson v. Geisse,* 857 F.2d 1300 (9th Cir.1988) (city council's refusal to issue building permit violated property owner's substantive due process rights where council's actions were not objectively reasonable by singling out plaintiff to be treated discriminatorily); *Rutherford v. City of Berkeley,* 780 F.2d 1444 (9th Cir. 1986) (because substantive due process is violated at the moment the harm occurs, the existence of postdeprivation state remedies does not bar a Section 1983 action in a police brutality case where governmental conduct "shocks the conscience" or constitutes force that is "brutal" and offends "even hardened sensibilities."). However, based on the Supreme Court decisions in *Parratt* and *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984),

it appears where the plaintiff complains that he has been unreasonably deprived of a state-created property interest, without alleging a violation of some other substantive constitutional right, the plaintiff has not stated a substantive due process claim.

 In the present case, Rainbow's basic claim is a contract claim involving liquidated damages, which clearly does not rise to the level of a deprivation of a civil right cognizable under Section 1983. There is no genuine issue of material fact on the Section 1983 claim. Where there is no genuine issue of material fact, summary judgment is an appropriate means of resolving a civil rights action. *See* SCRA 1986, 1–056(C). The judgment of the district court is affirmed. Each party shall bear its own costs and attorney fees.

IT IS SO ORDERED.

SOSA, C.J., and RANSOM, J., concur.