848 P.2d 5

**Barbara PHIFER, Plaintiff–Appellant,**

**v.**

**John HERBERT, Silver City Ford–Lincoln–Mercury, a New Mexico corporation, and Ford Motor Company, a foreign corporation, Defendants–Appellees.**

**No. 12752.**

Court of Appeals of New Mexico.

Jan. 28, 1993.

John W. Reynolds, Silver City, for plaintiff-appellant.

Duane C. Gilkey, Ogden M. Reid, Barbara G. Stephenson, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, for defendant-appellee Ford Motor Company.

H.R. Quintero, Robinson & Quintero, P.C., Silver City, for defendants-appellees John Herbert and Silver City Ford–Lincoln–Mercury.

## OPINION

FLORES, Judge.

This is an action for damages allegedly caused by sexual harassment on the job. Plaintiff appeals from the district court's order dismissing her complaint on the grounds that Plaintiff failed to exhaust her administrative remedies pursuant to the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 to -7, 28-1-9 to -14 (Repl.Pamp.1987) (NMHRA), and thus the district court had no jurisdiction. The sole issue on appeal is whether Plaintiff's complaint comes under the mandatory remedial provisions of NMHRA or whether it states an independent action in tort. We reverse and remand.

## BACKGROUND

Barbara Phifer (Plaintiff) is a resident of Silver City, Grant County, New Mexico. Plaintiff was an employee of Silver City Ford–Lincoln–Mercury (Silver City Ford), a car dealership, for approximately four months in 1989. During this period of time, John Herbert (Herbert) was the acting sales manager for Silver City Ford. Ford Motor Company is a shareholder in Silver City Ford.

On August 23, 1989, Plaintiff filed a complaint, in the district court, for sexual harassment against Herbert, Silver City Ford, and Ford Motor Company (collectively, Defendants). The complaint essentially alleged that Herbert and another employee of Silver City Ford had made explicit and implied sexual remarks and improper overtures toward Plaintiff which embarrassed, shamed, and degraded her and caused her mental anguish. The complaint further alleged that because of this treatment, Plaintiff was forced to quit her job with Silver City Ford.

Plaintiff admits that she has taken no action to notify or file a complaint with the Equal Employment Opportunity Commission (EEOC) or the New Mexico Human

Rights Commission regarding the alleged sexual harassment.

Pursuant to motions to dismiss filed by Defendants, the district court, by letter-decision dated October 19, 1990, decided that there was no tort of sexual harassment in New Mexico and that Plaintiff's complaint of sexual harassment was in essence a claim of discrimination in the conditions of employment subject to the NMHRA. Accordingly, on October 26, 1990, it entered an order dismissing Plaintiff's complaint with prejudice on the grounds that Plaintiff failed to exhaust her administrative remedies under the NMHRA and that the court had no jurisdiction. It is from this order that Plaintiff appeals.

*DISCUSSION*

Plaintiff had initially briefed and argued that she was entitled to relief pursuant to 42 U.S.C. § 1983 (1988) as well as under the Fifth and Fourteenth Amendments to the United States Constitution. In her reply brief, however, Plaintiff conceded that 42 U.S.C. § 1983 did not apply. Regarding Plaintiff's other constitutional arguments, these are without merit because the constitutional provisions on which Plaintiff relies do not prohibit or mandate conduct by private parties. *Cf. State v. Johnston*, 108 N.M. 778, 779 P.2d 556 (Ct.App.) (fourth amendment does not apply to intrusions by private persons), *cert. denied*, 108 N.M. 771, 779 P.2d 549 (1989).

Defendants, in support of their position that the district court was correct in dismissing Plaintiff's complaint, argue that Plaintiff's complaint, both in substance and form, is basically one for sexual harassment. They argue that the complaint is a single count complaint denominated "Complaint for Sexual Harassment" and that it alleges that all incidents of misconduct and all damages flow from the alleged sexual harassment.

Defendants contend that "sexual harassment" has been defined by the EEOC guidelines as follows: "verbal or physical conduct of a sexual nature constitute[s] sexual harassment when * * * (3) such conduct has the purpose or effect of unreasonably interfering with an individual's work performance or creating an intimidating, hostile, or offensive working environment." 29 C.F.R. § 1604.11 (1991).

Defendants contend that the conduct Plaintiff complains of falls within the EEOC guideline definition and that Plaintiff's cause of action comes under the NMHRA. They argue that the NMHRA provides a remedy for all types of sexual discrimination, including sexual harassment, and that the grievance procedure provided by Section 28–1–10 is mandatory and must be exhausted before the injured party can invoke the jurisdiction of the district court.

Section 28–1–7 of the NMHRA defines unlawful discriminatory practices. Section 28–1–7(A) of the NMHRA states that it is an unlawful discriminatory practice for "an employer, unless based on a bona fide occupational qualification, to * * * discriminate in matters of * * * terms, conditions or privileges of employment against any person otherwise qualified because of * * * sex."

Section 28–1–10(A) of the NMHRA sets out the procedure for initiating an action for unlawful discriminatory practice. As part of this grievance procedure, this section provides, in material part, that "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice * * * may file with the [human rights] division a written complaint."

Plaintiff does not contest the mandatory provisions of the NMHRA, but instead argues that the district court erred in dismissing her complaint because it alleges more than a claim under the NMHRA. She contends that her suit is not only one for unlawful discriminatory practices, but also one for damages for sexual harassment on the job. Specifically, Plaintiff contends that this action is an action in tort for the intentional infliction of emotional distress called the law of outrage. *See Dominguez v. Stone*, 97 N.M. 211, 638 P.2d 423 (Ct. App.1981).

■ Defendants contend that Plaintiff's issue concerning the tort of outrage is not properly before us because she did not argue this theory to the trial court. While it is true that a party cannot ordinarily argue issues on appeal that were not presented to the trial court, *see Woolwine v. Furr's, Inc.*, 106 N.M. 492, 745 P.2d 717 (Ct.App.1987), a different rule applies when the party opposing summary judgment seeks to call the appellate court's attention to facts in the record not specifically brought to the trial court's attention. *See Pharmaseal Labs., Inc. v. Goffe*, 90 N.M. 753, 568 P.2d 589 (1977); *C & H Constr. & Paving Co. v. Citizens Bank*, 93 N.M. 150, 597 P.2d 1190 (Ct.App.1979). Inasmuch as both summary judgments and dismissals for failure to state a claim are to be granted sparingly, *Pharmaseal Labs.*, 90 N.M. at 756, 568 P.2d at 592; *Las Luminarias v. Isengard*, 92 N.M. 297, 587 P.2d 444 (Ct. App.1978), we apply the same exception to the preservation requirement in this case involving a dismissal for failure to state a claim as we would had the case been an appeal from a grant of summary judgment. Thus, we consider all of Plaintiff's arguments concerning the facts she alleges she will be able to prove under the claim.

■ We believe the district court correctly determined that Plaintiff could not sue under the NMHRA unless she exhausted her administrative remedies. Compliance with the grievance procedure of the NMHRA is a prerequisite to suit under this Act. *Jaramillo v. J.C. Penney Co.*, 102 N.M. 272, 694 P.2d 528 (Ct.App.1985). However, the requirement that administrative remedies for employment discrimination claims recognized by statute be exhausted does not prevent an employee from filing a complaint based on a common law tort without first resorting to such administrative remedies. *See Cummings v. Walsh Constr. Co.*, 561 F.Supp. 872 (S.D.Ga.1983); *Stewart v. Thomas*, 538 F.Supp. 891 (D.D.C.1982).

■ To the extent that Plaintiff's complaint could be liberally construed to state a common law tort theory, it was error for the district court to dismiss the complaint with prejudice. In this regard, we note that:

> The theory of pleadings is to give the parties fair notice of the claims and defenses against them, and the grounds upon which they are based * * * * [N]otice pleading does not require that every theory be denominated in the pleadings— general allegations of conduct are sufficient, as long as they show that the party is entitled to relief and the averments are set forth with sufficient detail so that the parties and the court will have a fair idea of the action about which the party is complaining and can see the basis for relief.

*Schmitz v. Smentowski*, 109 N.M. 386, 389–90, 785 P.2d 726, 729–30 (1990); *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 800 P.2d 1063 (1990). Notwithstanding that Plaintiff's complaint is denominated as a "Complaint For Sexual Harassment," "we are not governed by the nomenclature of a pleading so long as the substance of the pleading conforms with the applicable rule." *State v. Peppers*, 110 N.M. 393, 397, 796 P.2d 614, 618 (Ct.App.), *cert. denied*, 110 N.M. 260, 794 P.2d 734 (1990); *see also Phelps Dodge Corp. v. Guerra*, 92 N.M. 47, 582 P.2d 819 (1978); SCRA 1986, 1–008(A).

Plaintiff's complaint alleges that she has been "sexually harassed, mortified, embarassed [sic], degraded and humiliated"; that "explicit and implied sexual remarks and overtures" were made toward her; that certain remarks made by Defendant Herbert "devastated [her], embarassed [sic], shamed and degraded her, and caused her much mental anguish"; and that Defendant Herbert's treatment caused her damages including "[m]ental anguish, humiliation, shame and embarassment [sic]."

Whether the plaintiff's claim of intentional infliction of emotional distress was so extreme and outrageous as to allow the plaintiff to recover on that claim is not an issue to be resolved on a motion to dismiss. *Blessing v. County of Lancaster*, 609 F.Supp. 485 (E.D.Pa.1985). Here, whether the conduct alleged amounted to intentional infliction of emotional distress cannot be

determined from the bare allegations of the complaint. *See Rogers v. Loews L'Enfant Plaza Hotel,* 526 F.Supp. 523 (D.D.C.1981) (recognizing that complaint does not need to contain details).

When the dismissal of a suit is for failure to state a claim upon which relief can be granted, the issue is whether the plaintiff would be entitled to recover under any state of facts provable from the complaint. *Tapia v. McKenzie,* 83 N.M. 116, 489 P.2d 181 (Ct.App.1971). When the trial court grants a motion to dismiss, the appellate court must accept the allegations as true and resolve all doubts in favor of the sufficiency of the pleading. *Bottijliso v. Hutchison Fruit Co.,* 96 N.M. 789, 635 P.2d 992 (Ct.App.1981); *Pillsbury v. Blumenthal,* 58 N.M. 422, 272 P.2d 326 (1954). Based on a liberal reading of the pleadings, Plaintiff may be able to prove facts under her claim that would entitle her to relief under the tort of outrage.

Plaintiff's complaint makes certain allegations of conduct sufficient to show that, if true, and if the details of which are sufficiently outrageous, she is entitled to relief. *See Stewart v. Thomas.* The averments are sufficient to give the parties and the court fair notice of the action Plaintiff is complaining about and the basis for relief. *See Schmitz,* 109 N.M. at 389–90, 785 P.2d at 729–30. Accordingly, we hold that Plaintiff's complaint sufficiently, although admittedly not too clearly, states a claim for relief as to the tort of intentional infliction of emotional distress under the law of outrage. *See* Rule 1–008(A)(2). We so hold, notwithstanding that this case, in part, involves an employer-employee relationship and that the underlying acts allegedly involve or relate to sexual conduct.

In *Dominguez,* this Court stated that the tort of intentional infliction of emotional distress, called the law of outrage, was recognized in *Mantz v. Follingstad,* 84 N.M. 473, 505 P.2d 68 (Ct.App.1972). The court in *Dominguez* quoted certain relevant sections from Restatement (Second) of Torts § 46 (1965) as follows:

(1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

\*     \*     \*     \*     \*     \*

Comment (d), entitled "Extreme and outrageous conduct" reads in part as follows:

The cases thus far decided have found liability only where the defendant's conduct has been extreme and outrageous. It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice", or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Comment j of Restatement (Second) of Torts, § 46 (1965), reads as follows:

*Severe emotional distress.* The rule stated in this Section applies only where the emotional distress has in fact resulted, and where it is severe. Emotional distress passes under various names, such as mental suffering, mental anguish, mental or nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that the liability arises. Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is a part of the price of living among people. The law intervenes only where the distress inflicted is so severe that no

reasonable man could be expected to endure it. The intensity and the duration of the distress are factors to be considered in determining its severity. Severe distress must be proved; but in many cases the extreme and outrageous character of the defendant's conduct is in itself important evidence that the distress has existed * * * *

The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor has knowledge.

*Dominguez*, 97 N.M. at 214–15, 638 P.2d at 426–27.

Whether the alleged conduct as set forth in Plaintiff's complaint satisfies a claim for intentional infliction of emotional distress cannot be determined from the bare allegations of her complaint. The district court must now proceed to determine whether, on the evidence, Defendants by extreme and outrageous conduct intentionally or recklessly caused Plaintiff severe emotional distress.

By not addressing the issue of whether Defendants Silver City Ford and Ford Motor Company are vicariously liable, we do not suggest there is such liability.

## CONCLUSION

Based on the foregoing, the order of the district court dismissing Plaintiff's complaint with prejudice is reversed and the cause is remanded for further proceedings consistent with this opinion. Plaintiff is awarded costs on appeal to be paid by Defendants.

IT IS SO ORDERED.

PICKARD and BLACK, JJ., concur.