# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PAMELA HENRY,**

Plaintiff-Appellant,

v.                                                                                      **NO. 29,036**

**RONALD D. MYERS and STATE OF**
**NEW MEXICO ex rel. NEW MEXICO**
**DEPARTMENT OF TRANSPORTATION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**James A. Hall, District Judge**

Martin E. Threet & Associates
Martin E. Threet
Albuquerque, NM

for Appellant

Laurie A. Vogel
Albuquerque, NM

for Appellee Ronald D. Myers

Miller Stratvert, P.A.
Paula G. Maynes
Santa Fe, NM

for Appellee Transportation Department

**MEMORANDUM OPINION**

**CASTILLO, Judge.**

Plaintiff appeals from the dismissal of her complaint and Defendants cross appeal from an earlier order denying their motions for summary judgment. We proposed to affirm in a notice of proposed summary disposition, and Plaintiff has filed a timely memorandum in opposition. Defendants have failed to respond to our notice. Remaining unpersuaded by Plaintiff's memorandum, we affirm.

**Appeal**

Plaintiff's complaint was dismissed pursuant to Rule 1-012(B)(6) NMRA, for failure to state a claim for which relief could be granted. [RP 488] "A motion to dismiss for failure to state a claim . . . tests the legal sufficiency of the complaint, accepting all well-pleaded factual allegations as true." *Derringer v. State*, 2003-NMCA-073, ¶ 5, 133 N.M. 721, 68 P.3d 961. We review the district court's ruling de novo to determine whether Plaintiff could recover under any state of facts provable under the claim asserted in the complaint. *See Young v. Van Duyne*, 2004-NMCA-074, ¶ 13, 135 N.M. 695, 92 P.3d 1269. We construe the complaint in the light most favorable to Plaintiff, resolving all doubts in favor of the sufficiency of the complaint. *Id.*

In our notice of proposed summary disposition, we proposed to affirm the dismissal of Plaintiff's complaint because she failed to state a claim for which

2

immunity has been waived pursuant to the Tort Claims Act, NMSA 1978, Sections 41-4-1 through -27 (1976, as amended through 2007) (the TCA). [RP 488] "Whether governmental immunity under the [TCA] bars a tort claim is a question of law that we review de novo." *Young*, 2004-NMCA-074, ¶ 13.

In her "Complaint for Damages for Personal Injury Under the New Mexico [TCA]," Plaintiff alleges that Defendant Myers placed and hid a video camera in the unisex bathroom in the building where Myers and Plaintiff worked and Myers videotaped women using the bathroom including Plaintiff. [RP 2 ¶¶ 5-9] She alleges that Myers' actions were deliberate and done with intentional malice and invaded the privacy of Plaintiff as guaranteed by the United States Constitution and the laws of New Mexico. [RP 2 ¶¶ 10-11] She further asserts that as a result of Myers' actions, she suffered pain, humiliation, and embarrassment that ultimately resulted in a hostile, uncomfortable work environment. [RP 2 ¶ 11] Plaintiff then claims that Defendant New Mexico New Mexico Department of Transportation (DOT) is liable "by virtue of the [TCA]," and has a right of indemnification from Myers. [RP 3 ¶ 15]

As to Defendant DOT, Plaintiff has failed to state a claim under the TCA because the allegations in her complaint, when accepted as true and construed in the light most favorable to her, are not sufficient to state a claim for which relief may be granted. [RP 488] *See Noriega v. Stahmann Farms, Inc.*, 113 N.M. 441, 443, 827

P.2d 156, 158 (Ct. App. 1992) (stating that the TCA shields government entities and employees from liability for torts committed in the performance of their duties unless immunity has been specifically waived by a section of the TCA). In our previous notice, we proposed to hold that there is no section of the TCA which would waive immunity for the claims in Plaintiff's complaint.

Plaintiff argues that immunity is waived pursuant to Section 41-4-6 of the TCA, known as the "building waiver." [MIO 6-8] *See* § 41-4-6(A) (waiving immunity for "liability for damages resulting from bodily injury, wrongful death[,] or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment[,] or furnishings"). To fall within the waiver of immunity set forth in Section 41-4-6, a claimant must allege either the existence of some physical defect on the premises or the maintenance or operation of premises in such a way as to create an unsafe or dangerous condition. *See Leithead v. City of Santa Fe*, 1997-NMCA-041, ¶ 5, 123 N.M. 353, 940 P.2d 459. The allegations of Plaintiff's complaint do not fall within either category.

Plaintiff asserts that Myers' actions in installing the camera in the bathroom which was "under his supervision" so that he could videotape female employees falls within the definition of a public employee operating a building. [MIO 7] She notes

4

that Myers' supervisor was discharged because he failed to supervise Myers and claims that the supervisor told Plaintiff that she should have known something was wrong. [MIO 7] However, these contentions by Plaintiff only indicate that she is seeking to recover against the DOT because of the negligence of the DOT in hiring and supervising Myers—and sovereign immunity pursuant to Section 41-4-6 has not been waived for such negligence. [MIO 7; DS 2; RP 4] *See Espinoza v. Town of Taos*, 120 N.M. 680, 684, 905 P.2d 718, 722 (1995) (holding that inadequate supervision was not a dangerous "condition" of the playground for which sovereign immunity had been waived because there were no physical defects in the playground where the plaintiff was injured and the park itself was not being managed, operated, or maintained in an unsafe manner); *Upton v. Clovis Mun. Sch. Dist.*, 2006-NMSC-040, ¶ 16, 140 N.M. 205, 141 P.3d 1259 ("[A] complaint alleging nothing more than negligent supervision is not actionable, because the TCA does not specify a tort waiver for negligent supervision.").

There is nothing in Plaintiff's complaint suggesting that the workplace itself was unsafe or dangerous, nothing to suggest that the bathroom was negligently maintained, and nothing to suggest that Myers or his supervisors were actually in charge of ensuring that the bathroom was maintained in a safe condition. [RP 2 ¶¶ 5-11] There are no allegations of a physical defect on the premises or allegations that

the premises were maintained or operated in such a manner as to create an unsafe or dangerous condition. [RP 1-4] *See Leithead*, 1997-NMCA-041, ¶ 5. Therefore, Plaintiff has failed to state a claim for which immunity has been waived pursuant to Section 41-4-6.

In her memorandum in opposition, Plaintiff urges us to reconsider our proposed disposition in light of our Supreme Court's holding in *Castillo v. County of Santa Fe*, 107 N.M. 204, 755 P.2d 48 (1988). [MIO 9] In *Castillo*, the Court held that the county's sovereign immunity was waived under Section 41-4-6 of the TCA based upon allegations that it failed to respond to reports regarding a pack of dogs that were roaming through a public housing facility, creating a dangerous condition to residents and their invitees. *Castillo*, 107 N.M. at 206-07, 755 P.2d at 50-51. We are unpersuaded that the opinion in *Castillo* warrants reconsideration of our proposed disposition on this issue. In this case, unlike *Castillo*, there were no inherent dangers posed by the building or its surrounding area. The allegations in Plaintiff's complaint indicate that the danger was caused by the negligent supervision of Myers, which had nothing to do with the operation of the building. *See Leithead*, 1997-NMCA-041, ¶ 8 (stating that a claim involving negligent supervision only falls under the public building waiver if the supervision is directly tied to the "operation or maintenance" of the building, but "a claim of negligent supervision, standing alone, is not sufficient

6

to bring a cause of action within the waiver of immunity created by Section 41-4-6").

In short, there is nothing in Plaintiff's complaint suggesting that DOT failed to implement or enforce safety policies causing a dangerous condition, and no allegations that the DOT's failure to follow or enact safety procedures led to Myers' actions in videotaping female employees. *Cf. Upton*, 2006-NMSC-040, ¶ 18 (noting that unlike a negligent supervision claim for which there was no waiver of immunity under the TCA, the plaintiffs in this case challenged the failure of the school district to "implement promised safety policies for at-risk students"). Therefore, we affirm the district court's finding that Plaintiff failed to allege a claim against the DOT for which immunity has been waived under the TCA.

Plaintiff also argues that even if the DOT is immune from liability under the TCA, Defendant Myers could be liable nonetheless because he acted intentionally and with malice and invaded her right to privacy. [MIO 2-4] She characterizes the district court's order as precluding "liability that might be attributable to . . . Myers by virtue of his actions." [MIO 2] Plaintiff misconstrues the order of dismissal which is based on the sufficiency of the allegations in the complaint to state a claim under the TCA—not whether Plaintiff might have other possible causes of action against Myers which have not been pled. [RP 1-4, 488] *See Young*, 2004-NMCA-074, ¶ 13 (stating that a district court's ruling on a Rule 1-012(B)(6) motion is reviewed to determine

whether the plaintiff could recover under any state of facts which are asserted in the complaint).

In her memorandum in opposition, Plaintiff contends that it is incongruous to find that merely because a governmental entity is not liable, a state employee who commits an intentional and malicious act should likewise be dismissed. [MIO 4] To do so, Plaintiff contends, would "allow complete immunity for any intentional act by a state employee." [MIO 4] We disagree.

In this case, Plaintiff's complaint contains no allegations that Myer was not acting within the scope of his employment when he committed the wrongful acts. [RP 1-3] *See Seeds v. Lucero*, 2005-NMCA-067, ¶ 9, 137 N.M. 589, 113 P.3d 859 (stating that, unless falling within an exception, public employees "are immune for any actions they performed while in the scope of their duties"); *cf. Niederstadt v. Town of Carrizozo*, 2008-NMCA-053, ¶ 11, 143 N.M. 786, 182 P.3d 769 (recognizing a lawsuit against an individual employee in the employee's individual capacity "in order to impose '*personal* liability upon a government official for actions he [took] under color of state law'" (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Therefore, Plaintiff's only claim against Myers is a claim pursuant to the TCA even though she claims that Myers acted in an intentional manner. *See Seeds*, 2005-NMCA-067, ¶ 10 (observing that a public employee may be acting within the scope

of his duties "even if the employee's *acts* are fraudulent, intentionally malicious, or even criminal").

Plaintiff may be correct that the trial court never determined whether Myers' actions took place in the course of employment or whether he was pursing an individual action. [MIO 5] However, she misconstrues this inquiry as the "controlling question" of the case because her complaint makes no allegations that Myers was acting outside the scope of his employment. Plaintiff might have a cause of action against Myers directly because he is not immune from liability from wrongful acts that occur outside the scope of his employment. [MIO 4] However, her complaint does not contain any such allegations. *See Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 1997-NMCA-025, ¶ 32, 123 N.M. 170, 936 P.2d 852 (stating that "[w]e review the case litigated below, not the case that is fleshed out for the first time on appeal" (internal quotation marks and citation omitted)); *Ramer v. Place-Gallegos*, 118 N.M. 363, 365, 881 P.2d 723, 725 (Ct. App. 1994) ("A motion to dismiss for failure to state a claim tests the legal sufficiency of that claim, not the supporting facts."), *overruled on other grounds by Spectron Dev. Lab.*, 1997-NMCA-025, ¶ 31.

Plaintiff also contends that the trial court erred because it could be assumed that she has asserted a constitutional claim based upon Myers' violation of her right to privacy. [MIO 5, 8-10] She reasserts her contention that a 42 U.S.C. § 1983 (1996)

violation is supplemental to any state remedy and cites to *Wells v. County of Valencia*, 98 N.M. 3, 644 P.2d 517 (1982), in support of that contention. [MIO 8-9] *See id.* at 6, 644 P.2d at 520 (stating that, although a claim for a 42 U.S.C. § 1983 violation can arise from tortious conduct, it is distinct from an action under the TCA and compensable under a different law). We disagree.

As stated in our notice of proposed summary disposition, a claim for violation of right to privacy against a State actor must be brought pursuant to 42 U.S.C. § 1983. In our notice, we observed that, viewing the allegations in the light most favorable to Plaintiff, her complaint does not contain an assertion of a Section 1983 violation. [RP 1-4] *See Ramer*, 118 N.M. at 366-67, 881 P.2d at 726-27 (recognizing that an inmate might have a claim for violation of the right to privacy under 42 U.S.C. § 1983, but observing that even though the plaintiff alleged invasion of privacy, it appeared he was attempting to assert a claim for a common-law tort because the complaint was characterized as "a Tort Claim pursuant to the New Mexico Tort Claims Act" (internal quotation marks omitted)). Moreover, even her response to Defendants' motion to dismiss fails to assert a claim under Section 1983. [RP 463-466] *See Spectron Dev. Lab.*, 1997-NMCA-025, ¶ 32.

In contending that dismissal was improper due to the allegations of violation of her right to privacy, Plaintiff urges us to reconsider our previous holding in *Risk*

*Management Division v. McBrayer*, 2000-NMCA-104, 129 N.M. 778, 14 P.3d 43. [MIO 10] We decline to do so. In *McBrayer*, this Court considered whether a governmental entity must provide a defense for a public employee who is accused of a civil rights violation under 42 U.S.C. § 1983. *See McBrayer*, 2000-NMCA-104, ¶ 7. However, in *McBrayer*, as Plaintiff concedes, the plaintiff explicitly filed a 42 U.S.C. § 1983 claim, it did not need to be inferred from the allegations that were characterized as a claim under the TCA. In this case, Plaintiff's complaint makes no mention of a 42 U.S.C. § 1983 claim, and we disagree that Plaintiff's complaint can be construed as implicitly including a Section 1983 violation based upon the allegations contained therein. *See Ramer*, 118 N.M. at 366-67, 881 P.2d at 726-27.

Plaintiff also argues that pursuant to Section 41-4-4(E), the trial court erred because Plaintiff is entitled to recover for Myers' wrongful acts as he acted within the scope of his duty and with intentional malice. [MIO 5-6] We are unpersuaded because the language of Section 41-4-4(E) only specifies that the governmental entity has the right to recover the costs of a defense and any settlement paid from a public employee "if it is shown that, while acting within the scope of his duty, the public employee acted fraudulently or with actual intentional malice causing the bodily injury . . . resulting in the settlement or final judgment." This language does not state whether and when the governmental entity or the employee may in fact be liable under

11

the various waiver provisions of the TCA.

In sum, Plaintiff's complaint consists of allegations that Defendant Myers was employed by Defendant DOT, the wrongful acts occurred on DOT premises, Myer's actions were deliberate, and Plaintiff was harmed. [RP 1-4] This is insufficient to allege a waiver of immunity under the TCA, and it is insufficient to allege a cause of action against Myers under 42 U.S.C. § 1983. Therefore, we affirm the dismissal of Plaintiff's complaint.

**Cross Appeal**

In light of our decision to affirm the dismissal of Plaintiff's complaint, we need not address the issue raised by Defendants in their cross appeal.

**CONCLUSION**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Judge**

**WE CONCUR:**

12

_____

**ROBERT E. ROBLES, Judge**

_____

**LINDA M. VANZI, Judge**