This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FABIAN VILLAGRAN**,

     Plaintiff-Appellant,

v.                                                   **NO. 30,802**

**FRANKEN CONSTRUCTION CO., INC.**,

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Shannon C. Bacon, District Judge**

Narciso Garcia, Jr.
Albuquerque, NM

for Appellant

Eaton Law Office, P.C.
P. Scott Eaton
Albuquerque, NM

for Appellee

<strong>MEMORANDUM OPINION</strong>

**VIGIL, Judge.**

     Plaintiff appeals the grant of summary judgment to Defendant in this personal injury case. We proposed to affirm on the basis that there were no issues of material

fact relating to Defendant's right to control the work of its subcontractor (MSS) for whom Plaintiff worked. Both parties have timely responded to our proposal. We have considered the arguments and affirm.

In our notice, we proposed to conclude that there was nothing in the contract between Franken and MSS indicating that Franken retained control over the work of MSS. Plaintiff responds that he was relying on more than the contract to argue that Franken retained the right to control the work. First, he argues that Franken had prepared a fall protection plan to be used by MSS. As is clear from the record, no Franken-prepared fall protection plan was presented by Plaintiff in support his argument.

Second, Plaintiff argues that Franken provided the ropes for the fall protection plan and they were totally inadequate. He also argues that Franken provided the manner and means in which the roofing material was delivered to the roof, thus retaining control over the work of the MSS employees. It is not clear from the record that Plaintiff argued these facts to the district court. However, we have often stated that the preservation requirements do not apply in an appeal from the grant of summary judgment. *See Phifer v. Herbert*, 115 N.M. 135, 138, 848 P.2d 5, 8 (Ct. App. 1993) (holding that a different preservation rule applies when the party opposing summary judgment attempts to call to the attention of the appellate court facts in the

record not specifically brought to the attention of the district court), *rev'd on other grounds by Spectron Dev. Lab.*, 1997-NMCA-025, 123 N.M. 170, 936 P.2d 852. Thus, we will consider these new arguments relating to facts not specifically argued to the district court.

With regard to the ropes for the fall protection system, the evidence was that Franken provided the ropes at the request of MSS. [RP 330, 341] While it appears that Franken knew what the ropes were being used for, there is nothing in the evidence suggesting that Franken instructed MSS employees what to do with the ropes. Simply providing the ropes that the subcontractor planned to use in its fall protection plan does not give Franken control over the work of MSS employees.

With regard to the manner and means of delivering the roofing materials, it appears that Franken provided a crane and the crane operator. [RP 566-567] It appears that the crane operator was instructed "to help them out; lift their loads for them." [RP 567] It also appears that after that he spoke to somebody from MSS in order to coordinate the lifting of the bundles of roofing material. [RP 568] It does not appear from any of the deposition testimony that the crane operator's actual method of lifting the materials was directed by Franken, but rather was directed by MSS. [RP 569, 571] The crane operator picked up the loads as they were rigged by MSS employees and then he lifted them to where he was directed by MSS employees.

Plaintiff argues that Franken had walkie-talkies that the crane operator could have used so that Plaintiff would not have had to go to the edge of the roof to direct the crane operator. That apparently is the case, but it is left to the crane operator to determine whether he needed a walkie-talkie or not. [RP 573] They are apparently only used when there was no line of sight. [RP 570] However, simply because there were walkie-talkies available does not mean that Franken had control over the work of the crane operator such that it could be held liable for Plaintiff's injuries.

Plaintiff argues that this case is just like *Fresquez v. Sw. Indus. Contractors & Riggers, Inc.*, 89 N.M. 525, 554 P.2d 986 (Ct. App. 1976), where the crane operator was an employee of the general contractor, but performed work at the direction of the subcontractor. In *Fresquez*, the crane operator, although his work was entirely directed by the subcontractor, was responsible for safety issues. The evidence in *Fresquez* was that the crane operator complained about safety issues to the subcontractor but did not then also complain to his employer. There was also evidence in that case that the crane operator could stop operation if he felt that it was too dangerous.

There is no such evidence in this case. There was no evidence that the crane operator was responsible for safety issues or that he could stop the work if he felt it was too dangerous. While the crane operator did testify that he uses a walkie-talkie

sometimes to assist direction on where to drop the load, it was only where he could not see signals. Here, he was given hand signals by MSS employees so there was no need for the walkie-talkies. Contrary to the facts in *Fresquez*, there is nothing here creating a factual question regarding who was responsible for the manner in which the crane operator conducted his work. He was directed where to lift the roofing materials by MSS employees who used hand signals to direct him.

We conclude that Plaintiff did not create any issues of material fact regarding Franken's control over the work of MSS. Therefore, summary judgment was properly granted.

In our notice, we pointed out that Plaintiff's reliance on Franken's knowledge of violations of OSHA regulations as creating a duty was misplaced. Plaintiff argues that we misconstrued his argument. He appears to be arguing that violation of OSHA regulations may be considered as evidence of negligence. That may be true. However, the issue here is whether Franken owed any duty to Plaintiff. That duty cannot be established by knowledge of OSHA violations. *See Valdez v. Cillessen & Son, Inc.*, 105 N.M. 575, 578, 734 P.2d 1258, 1261 (1987).

Finally, in our notice, we proposed to conclude that the grant of summary judgment was not premature here. Plaintiff argued that his motion to compel disclosure by Franken of its fall protection plan had not been acted on before the

district court granted summary judgment. It does not appear, however, that Plaintiff told the district court that it wanted to wait on the motion for summary judgment until after the motion to compel had been acted on. There is nothing in the record indicating that Plaintiff notified the court that discovery was incomplete.

The rules of procedure allow for additional time for discovery. Rule 1-056(F) NMRA. However, Plaintiff must have raised the issue before the trial court. We decline to find that the district court abused its discretion in ruling on a summary judgment motion where there was no indication that further discovery was pending or that the matter was not fully briefed and ready for decision. *Cf. Bierner v. City of Truth or Consequences*, 2004-NMCA-093, ¶ 25, 136 N.M. 197, 96 P.3d 322 (applying factors to consider in determining if summary judgment has been granted prematurely).

For the reasons stated herein and in the notice of proposed disposition, we affirm.

**IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**TIMOTHY L. GARCIA, Judge**