827 P.2d 156

Hector NORIEGA, Sr., and Rosa Noriega, Individually and as Parents and Next Friends and Guardians of Hector Noriega, Jr., Plaintiffs–Appellants,

v.

STAHMANN FARMS, INC., and Elephant Butte Irrigation District, Defendants–Appellees.

No. 12534.

Court of Appeals of New Mexico.

Jan. 24, 1992.

Certiorari Denied Feb. 26, 1992.

phant Butte Irrigation District (EBID) and Stahmann Farms, Inc., alleging negligence, *inter alia,* in failing to keep the area adjacent to an EBID ditchbank in a safe condition and in failing to install warning signs or fences, resulting in injuries to five-year-old Hector Noriega, Jr. Waiver of immunity of EBID was alleged in plaintiffs' first amended complaint pursuant to NMSA 1978, Sections 41–4–6 and 41–4–11 (1989 Repl.Pamp.) EBID, not joined by Stahmann Farms, Inc., moved to dismiss the first amended complaint for lack of jurisdiction and for failure to state a claim upon which relief can be granted. SCRA 1986, 1–012(B)(1), (6). This is an appeal from the trial court's order granting the motion to dismiss. We affirm.

## FACTS

The alleged facts of this case, which for the purpose of the motion to dismiss are admitted, are that Hector Noriega, a child five years of age, suffered injuries while playing on property owned by EBID. The area in question was in the vicinity of housing owned by defendant Stahmann Farms, Inc., and occupied by Stahmann Farms' farmworkers. The child was visiting relatives employed by Stahmann Farms when he wandered near the irrigation ditch. The child was discovered lying in the ditch where he had apparently been for several minutes.

The issue, as presented, is whether the trial court erred in granting the motion to dismiss the first amended complaint for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Accordingly, we apply the test applicable to Rule 12(b)(6). The general rule is that this court assumes the truth of the facts alleged in the complaint. *Castillo v. County of Santa Fe,* 107 N.M. 204, 755 P.2d 48 (1988). A motion to dismiss for failure to state a claim should be granted only if it appears that plaintiff cannot recover, or be entitled to relief, under any state of facts provable under the complaint. *Id.*

Under the pleaded facts, EBID is a state governmental entity and the area adjacent to the irrigation ditchbank and canal,

Fred Abramowitz, Albuquerque, for plaintiffs-appellants.

Jack T. Whorton, Whorton Law Offices, Alamogordo, for defendant-appellee Elephant Butte Irrigation Dist.

## OPINION

CHAVEZ, Judge.

Plaintiffs, Hector Noriega and Rosa Noriega, brought suit against defendants, Ele-

owned by EBID, was overladen with weeds and grass which obscured the porous dirt siding of the irrigation ditchbank and canal. The area adjacent to the irrigation ditchbank and canal had no warning signs or notices of any kind.

The trial court found that plaintiffs did not allege any facts to establish that immunity of EBID had been waived regarding plaintiffs' claim, and that the first amended complaint alleged facts that established only that the incident from which their claims arose occurred on an irrigation ditch, which is a work used for the diversion or storage of water, as set forth in Section 41–4–6.

### LIABILITY UNDER THE TORT CLAIMS ACT

The Tort Claims Act, NMSA 1978, Sections 41–4–1 to –27 (Repl.Pamp.1989), shields both governmental entities and public employees from liability for torts except when immunity is specifically waived in the Act. *See Wittkowski v. State Corrections Dep't,* 103 N.M. 526, 710 P.2d 93 (Ct.App. 1985); NMSA 1978, § 41–4–2. It is undisputed that EBID is a local public body and a governmental entity as defined in the Tort Claims Act. NMSA 1978, § 41–4–3(B) and (C). Plaintiffs assert that immunity was waived pursuant to Section 41–4–6.

Section 41–4–6 reads:

> The immunity granted pursuant to Subsection A of Section 41–4–4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings. Nothing in this section shall be construed as granting waiver of immunity for any damages arising out of the operation or maintenance of works used for diversion or storage of water.

■ In this case, the first amended complaint states that the "area adjacent to the irrigation ditchbank and canal had not been properly maintained in that it was overladen with extensive weeds and grass which obscured the porous dirt siding of the irrigation ditchbank and canal." It also alleges that Hector Noriega slipped and fell into the ditchbank as a consequence of the condition of the property. Even if the weeds obscured the embankment, this would still be within the bounds of the immunity. If these facts are admitted as true, there would be no liability because the injuries arose out of the operation and maintenance of the irrigation ditch. The first sentence of Section 41–4–6 is not a general waiver of immunity with respect to negligent maintenance of all public lands. It is restricted to negligent maintenance of buildings, public parks, machinery, equipment, and furnishings. However, maintenance of a structure encompasses maintenance of the property surrounding the structure. *See Castillo; Schleft v. Board of Educ.,* 109 N.M. 271, 784 P.2d 1014 (Ct.App.1989). Thus, the first sentence of Section 41–4–6 could be read to waive immunity for negligent maintenance of the property bordering an irrigation canal. But if maintenance of the canal encompasses maintenance of adjacent property for purposes of the waiver of immunity in the first sentence of Section 41–4–6, "maintenance" must have the same meaning for purposes of the second sentence of the section, thereby withdrawing the waiver of immunity in this case.

■ Plaintiffs' brief-in-chief also alleges that the complaint states a claim against EBID pursuant to NMSA 1978, Section 41–4–11. This section of the Tort Claims Act provides for waiver of immunity for the negligent maintenance of a roadway. Although plaintiffs' amended complaint alleges a waiver of immunity under Section 41–4–11, the complaint fails to allege any facts that would bring the claim within that section. The complaint does not even allege the existence of a road, much less that the road was owned by EBID or that the road had any causal relationship with the accident. Plaintiffs attempt to remedy this shortcoming by attaching to their brief-in-chief on appeal an excerpt from a deposition of William J. Stahmann taken five months after the trial court dismissed the

claim against EBID. Mr. Stahmann testified to the existence of a road near the irrigation canal. Even were we to consider such an untimely addition to the record, we note that the deposition does not support a claim that the road was EBID's. On the contrary, Mr. Stahmann testified that the road was constructed by Stahmann Farms. Thus, plaintiffs have not established a basis for liability and a waiver of immunity pursuant to Section 41–4–11. Without a waiver of immunity pursuant to Section 41–4–11 or Section 41–4–6 in this case, the allegations in the complaint were insufficient to state a claim upon which relief could be granted.

## CONCLUSION

The order of the trial court dismissing the complaint is affirmed. No costs are awarded.

IT IS SO ORDERED.

HARTZ and PICKARD, JJ., concur.