868 P.2d 1296

**Bobby BELL, Kathleen Bell, and Sunwest Bank of Albuquerque, N.A., as Conservatory of the Estate of Joseph Bell, a minor, Plaintiffs–Appellants,**

v.

**NEW MEXICO INTERSTATE STREAM COMMISSION, New Mexico Energy, Minerals and Natural Resources Department, New Mexico Park and Recreation Division, New Mexico State Highway and Transportation Department, State Highway Commission, and State Engineer, Defendants–Appellees,**

and

**KNC Incorporated, and Kent Nowlin Construction, Inc., Defendants.**

No. 14635.

Court of Appeals of New Mexico.

Dec. 22, 1993.

Certiorari Denied Feb. 4, 1994.

James T. Roach, Janet K. Santillanes, Nancy L. Garner, Nancy Garner & Associates, P.C., Albuquerque, for plaintiffs-appellants.

James P. Lyle, Butt, Thornton & Baehr, P.C., Albuquerque, for defendants-appellees.

## OPINION

FLORES, Judge.

The opinion filed December 3, 1993 is withdrawn and the following substituted therefor.

Plaintiffs appeal the summary judgment dismissing their claims. The basis for the judgment was the district court's determination that sovereign immunity had not been waived. Plaintiffs raise the following issues on appeal: (1) sovereign immunity is waived pursuant to NMSA 1978, Section 41–4–6 (Repl.Pamp.1989), and that alternatively, (2) there was no sovereign immunity prior to enactment of the Tort Claims Act for proprietary functions of a governmental entity such as the maintenance of a public park and the Tort Claims Act did not restrict any such prior governmental liability. We reverse the district court on the basis of issue one and find that Plaintiffs made a prima facie showing that immunity was waived. Therefore, we need not reach Plaintiffs' second issue.

## BACKGROUND

Joseph Bell, a minor child, was diving off a styrofoam raft in the lake at Ute Lake State Park (the park). After each dive, he moved farther from the shore, believing that he was moving to deeper water. On his last dive, Joseph hit his head on an unmarked hazard located approximately two feet below the surface of the water. As a result of the accident, Joseph is quadriplegic. There were no warning signs marking the location of the shallow water. Plaintiffs brought action for Joseph's injuries against several Defendants.

The lake and surrounding property are owned by the New Mexico Interstate Stream Commission (Stream Commission). The New Mexico Park and Recreation Division (Recreation Division) leased the park for "recreational purposes and for no other purpose." According to the lease agreement, the Stream Commission retains the right to notify the Recreation Division to vacate the park when it determines that the park is "needed for beneficial purposes of the Lessor." Pursuant to the lease, the Recreation Division developed the park and opened it to the public for recreation. The public uses the park for swimming, diving, boating, fishing, and other recreational activities.

The district court granted partial summary judgment to Defendants. The order stated

that there was no waiver of immunity under Section 41–4–6. This Court granted Plaintiffs' application for interlocutory appeal and assigned this case to the general calendar.

## STANDARD OF REVIEW

■ The district court granted summary judgment to Defendants, reasoning that there was no waiver of immunity under Section 41–4–6 because the court classified the park as "works" under the statute. A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. *See Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). On appeal, this Court looks to the whole record and views matters in the light most favorable to support a trial on the merits. *North v. Public Serv. Co.*, 97 N.M. 406, 408, 640 P.2d 512, 514 (Ct.App.1982).

## ISSUE ONE

■ Section 41–4–6 provides that:

The immunity granted pursuant to Subsection A of Section 41–4–4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings. Nothing in this section shall be construed as granting waiver of immunity for any damages arising out of the operation or maintenance of works used for diversion or storage of water.

On appeal, our central concern in interpreting this statute is to give effect to the intent of the legislature. *See City of Albuquerque v. Sanchez*, 113 N.M. 721, 725, 832 P.2d 412, 416 (Ct.App.1992). The intent of the legislature in enacting Section 41–4–6 was to "ensure the safety of the general public by imposing upon public employees a duty to exercise reasonable care in maintaining premises owned and operated by governmen-

tal entities." *Castillo v. County of Santa Fe*, 107 N.M. 204, 206, 755 P.2d 48, 50 (1988). In interpreting the statute to achieve that result, we give the words of the statute their ordinary meaning and give effect to the statute as written. *City of Albuquerque*, 113 N.M. at 725, 832 P.2d at 416. Indeed, both Defendants and Plaintiffs focus much of their argument on whether the park is presently a "works" to which the immunity waived in the first sentence of Section 41–4–6 does not apply. However, the clear language of the statute provides that immunity shall not be waived where damages arise out of the "operation or maintenance of works *used* for diversion or storage of water." Section 41–4–6 (emphasis added). The inclusion of the word "used" indicates that the present use of the facilities must be considered. Additionally, considering the legislature's purpose in enacting Section 41–4–6, *see Castillo*, 107 N.M. at 206, 755 P.2d at 50, we are not persuaded that the legislature intended in the second sentence of Section 41–4–6 to exempt every state and public park that included a body of water used for recreational purposes.

In this case, the Stream Commission leased the park to the Recreation Division, with reservation of the right to terminate the lease and ask the Recreation Division to vacate the park. This is authorized under NMSA 1978, Section 72–6–3 (Repl.1985). NMSA 1978, Section 72–6–2 (Repl.1985) defines a lessee as "a person who leases the *use* of water from an owner." (Emphasis added.)

■ Defendants contend that the original purpose of the lake, which was for storage and diversion of water, is controlling in this case. However, under the lease, the park was to be used "for recreational purposes and for no other purpose." Regardless of the original purpose in creating the lake, and contrary to Defendants' argument, there is no evidence to show that the park was *used* for diversion or storage of water at the time of the accident. The evidence shows that the park was in fact used only for swimming, diving, boating, fishing, and other recreational activities. In addition, the evi-

dence further shows that the park was operated as a public park. Section 41-4-6 specifically exempts from immunity the operation or maintenance of any public park. State parks are developed with outdoor recreation as the primary objective. *See* NMSA 1978, § 16-2-11 (Repl.Pamp.1987). The park was leased with the sole objective of using it for recreation. The evidence shows that fees are charged for use of the park; there are facilities provided for public use while visiting the park; there are trails, shelters, and picnic areas provided for the public; and the park is used by the public for purposes of recreation. Accordingly, the park falls within the category of public parks.

Defendants also rely on *Espander v. City of Albuquerque*, 115 N.M. 241, 243, 245, 849 P.2d 384, 386, 388 (Ct.App.1993) for the proposition that immunity is not waived under Section 41-4-6 with respect to "works" for the diversion or storage of water which are located within public parks. Defendants' reliance is misplaced for the following reasons: (1) *Espander* did not consider "works" for the storage of water, *id.* at 245, 849 P.2d at 388; and (2) Defendants fail to cite to any facts which support an interpretation that, at the time of the alleged accident, the park was being used for either the diversion or storage of water.

■ We are not persuaded by Defendants' arguments and read the plain language of the statute to the contrary. The statute addresses only present use and no other factor. Further, the statute does not contain any language which supports Defendants' interpretation. This Court will not read language into a statute that is not there. *See State ex rel. Klineline v. Blackhurst*, 106 N.M. 732, 735, 749 P.2d 1111, 1114 (1988).

■ Considering the ordinary language of Section 41-4-6 and the intent of the legislature in enacting the statute, we hold that immunity to Defendants was waived under Section 41-4-6. *See City of Albuquerque*, 113 N.M. at 725, 832 P.2d at 416. Because the evidence presented so far makes a prima

facie showing that immunity was waived and there are genuine issues of material fact to be decided concerning negligence, we hold that the district court erred in granting summary judgment to Defendants. *See Roth*, 113 N.M. at 334-35, 825 P.2d at 1244-45.

## *CONCLUSION*

We reverse the summary judgment order and remand to the district court for further proceedings. Oral argument is deemed unnecessary. Plaintiffs are awarded costs on appeal. The parties shall bear their own attorney fees on appeal.

**IT IS SO ORDERED.**

MINZNER, C.J., and APODACA, J., concur.