884 P.2d 824

**Joseph ALLOCCA, Individually and as Father and Next Friend of Nicholas J. Allocca, Plaintiff–Appellant,**

v.

**NEW MEXICO DEPARTMENT OF ENERGY MINERALS AND NATURAL RESOURCES; Parks and Recreations Division of the Department of Energy Minerals and Natural Resources; and the New Mexico State Game Commission, Defendants–Appellees.**

No. 14799.

Court of Appeals of New Mexico.

Aug. 25, 1994.

Certiorari Denied Nov. 3, 1994.

 

M. Monica Zamora, Albuquerque, D. Diego Zamora, Zamora Law Firm, P.A., Santa Fe, for plaintiff-appellant.

Faith L. Kalman, Robert D. Castille, Simons, Cuddy & Friedman, Santa Fe, for defendants-appellees.

## OPINION

ALARID, Judge.

This appeal concerns sovereign immunity over claims for damages against various state governmental entities arising out of the operation or maintenance of public works used for the diversion or storage of water. Because Defendants established on the record that Conchas Lake is a work used for the diversion or storage of water, the controlling question concerns whether there are genuine issues of material fact relative to Plaintiff's claim. Finding no issues of material fact, we affirm the district court's alternative granting of summary judgment in favor of Defendants.

## BACKGROUND AND FACTS

Plaintiff Joseph Allocca, as father and next friend of Nicholas Allocca, initiated this action against the New Mexico Department of Energy Minerals and Natural Resources, the Parks and Recreation Division of the Department of Energy Minerals and Natural Resources, and the New Mexico State Game Commission. Nicholas Allocca was injured while being pulled on a rubber float tube behind his father's boat when a privately owned jet ski collided with the tube at Conchas Lake. Conchas Lake is man-made and formed after Conchas Dam was built across the Canadian River as an irrigation and flood control project. Plaintiff alleged that the injuries and damages complained of were proximately caused by Defendants' failure to warn, supervise, and patrol individuals using Conchas Lake as a state park.

Defendants responded to Plaintiff's complaint by moving for dismissal, or in the alternative for summary judgment, on the grounds that, inter alia, the State of New Mexico has not waived sovereign immunity for damages arising out of the operation or

maintenance of works used for the diversion or storage of water in state parks. Agreeing with Defendants, the district court entered an order dismissing Plaintiff's complaint with prejudice, or in the alternative, granting summary judgment. This appeal followed.

## DISCUSSION

■ First, we note that this Court has jurisdiction over the appeal. Defendants contend that the appeal was untimely because the district court lacked authority under SCRA 1986, 12–201(E)(1) (Repl.1992) to extend the time to file a notice of appeal. We disagree. The notice of appeal was timely. The order of dismissal was filed on March 10, 1993. On April 7, 1993, Plaintiffs filed a timely motion to set aside the order of dismissal. The motion was an appropriate motion under NMSA 1978, Section 39–1–1 (Repl.Pamp.1991). The district court entered a timely order dismissing Plaintiff's motion on April 28, 1993. Under SCRA 1986, 12–201(D) (Repl.1992), Plaintiff's time to file a notice of appeal did not expire until thirty days after the April 28 order. Thus, Plaintiff's May 6, 1993, notice of appeal was timely, even if no extensions had been granted by the district court.

Although the issue of notice has been raised and briefed, the dispositive issue concerns whether sovereign immunity is waived by the State of New Mexico over a claim such as this. Therefore, in the interest of judicial efficiency, we assume without deciding that Plaintiff satisfied the Tort Claims Act notice requirements.

### Standard of Review

The record reflects that affidavits and other evidence were submitted to the district court during the process of this litigation. In this respect, Defendants conceded to the district court, in their reply in support of their motion to dismiss, that because of the inclusion of this additional evidence, their motion to dismiss should properly be converted into a motion for summary judgment. Accordingly, the standard of review we employ is for a motion for summary judgment. *See* SCRA 1986, 1–012(B) (Repl.1992); *DiMatteo v. County of Dona Ana,* 109 N.M. 374, 378, 785 P.2d 285, 289 (Ct.App.1989) (where court in ruling upon motion to dismiss considers matters outside the pleadings, order is reviewed as an order granting summary judgment). The standard of review is "whether there are genuine issues of material fact relative to plaintiffs' claims and whether defendants were entitled to summary judgment as a matter of law." *Barreras v. New Mexico Corrections Dep't,* 114 N.M. 366, 368, 838 P.2d 983, 985 (1992).

### Sovereign Immunity

■ The Tort Claims Act provides that "[a] governmental entity and any public employee while acting within the scope of duty are granted immunity from liability for any tort except as waived by Sections 41–4–5 through 41–4–12 NMSA 1978." NMSA 1978, Section 41–4–4(A) (Repl.Pamp.1989). Plaintiff claims that immunity was granted under the facts of this case by the first sentence of NMSA 1978, Section 41–4–6 (Repl. Pamp.1989), which states:

> The immunity granted pursuant to Subsection A of Section 41–4–4 NMSA 1978 does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings.

Plaintiff's claim is that Conchas Lake is a state park and that, therefore, immunity is waived.

Defendants, on the other hand, deny that immunity has been waived because of the second sentence of Section 41–4–6 which states: "Nothing in this section shall be construed as granting waiver of immunity for any damages arising out of the operation or maintenance of works used for diversion or storage of water." In this respect, Defendants submitted to the district court an affidavit by the Director of the Parks and Recreation Division of the New Mexico Department of Energy Minerals and Natural Resources stating that Conchas Lake is an irrigation and flood control project used for the storage and diversion of water. Based on

this evidence, the district court granted summary judgment and we affirm.

Unlike the plaintiffs in *Bell v. New Mexico Interstate Stream Comm'n,* 117 N.M. 71, 73, 868 P.2d 1296, 1298 (Ct.App.1993), *cert. denied,* 117 N.M. 121, 869 P.2d 820 (1994), who presented evidence in that case establishing that Ute Lake was used "'for recreational purposes and for no other purpose,'" Plaintiff in the present case failed to rebut Defendants' assertion that Conchas Lake is used for the storage and diversion of water. Accordingly, summary judgment was proper. *See G.E.W. Mechanical Contrs., Inc. v. Johnston Co.,* 115 N.M. 727, 730, 858 P.2d 103, 106 (Ct.App.1993) ("Once the moving party makes a prima facie showing that it is entitled to summary judgment, the burden shifts to the nonmoving party to demonstrate that a genuine, triable issue of material fact exists.").

The second sentence of Section 41–4–6 applies only when immunity would otherwise be waived by the first sentence of the section; that is, when the work used for diversion or storage of water is part of a park or on the grounds of a public building. Thus, in *Espander v. City of Albuquerque,* 115 N.M. 241, 243, 849 P.2d 384, 386 (Ct.App.1993), this Court suggested that the natural interpretation of the second sentence of Section 41–4–6 simply "preserves immunity with respect to damages arising out of the operation and maintenance of works used for diversion or storage of water in public parks and on the grounds of public buildings." (Emphasis omitted.) The second sentence was clearly contemplated to apply to works having a dual use, such as storage of water and park activities. *Bell* did not call into question the continuing vitality of our observation in *Espander.*

Moreover, our decision conforms with *Noriega v. Stahmann Farms, Inc.,* 113 N.M. 441, 443, 827 P.2d 156, 158 (Ct.App.), *cert. denied,* 113 N.M. 449, 827 P.2d 837 (1992), which held that the exception to the waiver of immunity found in the second sentence of Section 41–4–6 was applicable in that action brought by the parents of an injured minor against an irrigation district for alleged negligent failure to keep the area adjacent to a ditchbank in safe condition and to install warnings signs or fences.

And finally, we note the Supreme Court decision in *City of Albuquerque v. Redding,* 93 N.M. 757, 605 P.2d 1156 (1980), which considered whether immunity was waived in relation to a claim for damages as a result of a bicycle front tire slipping through a drain gate on a city street. The *Redding* Court noted that one Tort Claims Act provision appeared to waive immunity, while another seemed to preserve it. That Court reasoned that "[i]t is well established in the law that as between two conflicting statutory provisions, the specific shall govern over the general." *Id.* at 759, 605 P.2d at 1158 (citations omitted). Given this rationale, we have little trouble discerning that the general waiver of statutory immunity found in the first sentence of 41–4–6 for state parks must give way to the more specific statutory provision in the second sentence of 41–4–6 which reestablishes immunity in "works used for diversion or storage of water."

## CONCLUSION

For the reasons listed above, we affirm the grant of summary judgment in favor of Defendants.

**IT IS SO ORDERED.**

BIVINS and HARTZ, JJ., concur.