911 P.2d 222

Bobby BELL, Kathleen Bell, and Sunwest Bank of Albuquerque, N.A., as Conservator of the Estate of Joseph Bell, a minor, Plaintiffs–Appellees,

v.

NEW MEXICO INTERSTATE STREAM COMMISSION; New Mexico Energy, Minerals and Natural Resources Department; New Mexico Parks and Recreation Division; New Mexico State Highway and Transportation Department; State Highway Commission; and the State Engineer, Defendants–Appellants,

and

KNC Incorporated, and Kent Nowlin Construction, Inc., Defendants.

No. 16321.

Court of Appeals of New Mexico.

Oct. 20, 1995.

James T. Roach, Janet K. Santillanes, Albuquerque, Nancy L. Garner, Nancy Garner & Associates, P.C., Albuquerque, for Plaintiffs–Appellees.

James P. Lyle, Butt, Thornton & Baehr, P.C., Albuquerque, for Defendants–Appellants.

## *OPINION*

PICKARD, Judge.

1. This interlocutory appeal presents two issues for our review: (1) what is the status of the law of governmental immunity for lakes used both for recreation and for diversion and storage of water; and (2) whether this Court's previous reversal of the trial court's grant of summary judgment to Defendants precludes, on the basis of law of the case, the trial court from now granting summary judgment to Defendants after additional facts to support summary judgment have been adduced. We hold that summary judgment may be awarded to Defendants because the applicable law has · been clarified and because new facts have been properly adduced.

## *FACTS AND PRIOR PROCEEDINGS*

2. Joseph Bell was seriously injured at Ute Lake State Park when he dove off a raft and hit his head on a submerged object. His parents (Plaintiffs) sued the public and private agencies and entities—including the governmental Defendants—that are responsible for the existence and maintenance of the park. Plaintiffs sued under the Tort Claims Act, NMSA 1978, Sections 41–4–6, –8, and –11 (Repl.Pamp.1989 & Cum.Supp.1995). Defendants claimed immunity under Section 41–4–6 and filed a motion to dismiss Plaintiffs' claims that relied on that section for a waiver of immunity. The trial court considered evidence in addition to the pleadings and granted partial summary judgment to Defendants on Plaintiffs' claims under Section 41–4–6, relating to operation and maintenance of public parks. Summary judgment was reversed on interlocutory appeal. *Bell v. New Mexico Interstate Stream Comm'n,* 117 N.M. 71, 868 P.2d 1296 (Ct.App.1993), *cert. denied,* 117 N.M. 121, 869 P.2d 820 (1994). This Court held that Defendants had failed to adduce sufficient evidence that the park was used for the storage and diversion of water when Joseph Bell was injured. The only evidence in the record at the time of the prior appeal was that Ute Lake State Park was used solely for recreational purposes.

3. Soon after *Bell* was decided, this Court had the opportunity to decide a second case regarding sovereign immunity under Section 41–4–6 in *Allocca v. Department of Energy, Minerals & Natural Resources,* 118 N.M.. 668, 884 P.2d 824 (Ct.App.), *cert. denied,* 118 N.M. 731, 885 P.2d 1325 (1994). In *Allocca,* a child was injured while being towed behind a power boat in a rubber tube on Conchas Lake. The trial court granted summary judgment to the defendants in that case because the lake was shown to serve both recreational and water-storage uses. *Id.* at 671, 884 P.2d at 827. This Court affirmed · the trial court's ruling granting summary judgment in that case and distinguished the facts in *Allocca* from the facts presented in *Bell. Allocca,* 118 N.M. at 671, 884 P.2d at 827.

4. Defendants in the case at bar then renewed their motion for summary judgment, adding an affidavit from an employee engineer. The affidavit presented additional facts concerning the use of Ute Lake. These facts contradict Plaintiffs' contention (which was based primarily on a lease of the park area) that Ute Lake was used solely for recreational purposes at the time of the accident. The affidavit indicates that there are agreements with parties other than the New Mexico Department of Parks and Recreation (n/k/a the Energy, Minerals and Natural Resources Department (EMNRD)) for use of the water in Ute Lake. The agreements confirm Defendants' position that Ute Lake serves multiple purposes, including use as a recreational facility under the terms of the lease with EMNRD and as a water storage and diversion facility for the communities of Tucumcari, Clovis, and Logan, the State of Texas, and other entities, subject to the beneficial needs of Defendants. Plaintiffs do not dispute that these agreements exist.

## *IMMUNITY*

5. The Tort Claims Act shields government entities and employees from liability for torts committed in the performance of their duties unless immunity has been specifically waived by a section in the Act. *Noriega v. Stahmann Farms, Inc.,* 113 N.M. 441,

443, 827 P.2d 156, 158 (Ct.App.), *cert. denied,* 113 N.M. 449, 827 P.2d 837 (1992). The section of the Act at issue in the instant case reads:

> The immunity granted pursuant to Subsection A of [NMSA 1978, Section 41–4–4] does not apply to liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings. Nothing in this section shall be construed as granting waiver of immunity for any damages arising out of the operation or maintenance of works used for diversion or storage of water.

Section 41–4–6. The new evidence provided by Defendants in their renewed motion for summary judgment invokes the second sentence of the statute and provides that immunity was not waived in this case. *See Allocca,* 118 N.M. at 671, 884 P.2d at 827.

6. The first sentence of Section 41–4–6 cannot be read apart from the second sentence. *See Tompkins v. Carlsbad Irrigation Dist.,* 96 N.M. 368, 371, 630 P.2d 767, 770 (Ct.App.1981) (immunity is waived in the first sentence, but the second sentence may limit the waiver of immunity). Our task is to reconcile the two sentences in light of the facts adduced at the trial court level and previous case law. The first sentence of Section 41–4–6 waives Defendants' immunity from liability, since Defendants leased the lake and some land around it to EMNRD for "recreational uses only." The second sentence qualifies the first and preserves immunity if Defendants show that Ute Lake presently operates for diversion or storage of water in addition to its function as a public park. *Bell,* 117 N.M. at 73–74, 868 P.2d at 1298–99. The affidavit submitted by Defendant with the renewed motion for summary judgment establishes that Ute Lake is used both for diversion and storage of water and as a recreational facility.

■ 7. When considering Defendants' first motion for summary judgment in *Bell,* this Court was limited to the facts presented in the record at that time and by the inter-

pretations of Section 41–4–6 from prior decisions. *See Espander v. City of Albuquerque,* 115 N.M. 241, 243, 849 P.2d 384, 386 (Ct.App. 1993) (natural interpretation of second sentence of Section 41–4–6 is that it preserves immunity with respect to damages arising out of operation and maintenance of works used for diversion and storage of water in public parks); *Noriega,* 113 N.M. at 443, 827 P.2d at 158 (immunity preserved where child fell into irrigation ditch); *Tompkins,* 96 N.M. at 371, 630 P.2d at 770 (Section 41–4–6 provides no waiver of immunity for death from drowning in a culvert carrying irrigation ditch water under a highway). There was insufficient evidence at that time to support the disposition of the case by summary judgment. *Bell,* 117 N.M. at 74, 868 P.2d at 1299. Summary judgment is only appropriate where there are no material facts in dispute, and the moving party is entitled to judgment as a matter of law. *Roth v. Thompson,* 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992).

■ 8. This Court in *Bell* interpreted Section 41–4–6 to give effect to the intent of the legislature. *Bell,* 117 N.M. at 73, 868 P.2d at 1298. The language of the statute indicated that present use was the determining factor for application of the second sentence. *Id.* The evidence then provided in the trial court indicated that the use of the lake at the time of the accident was exclusively recreational. *Id.; see also Allocca,* 118 N.M. at 671, 884 P.2d at 827 ("plaintiffs in *Bell* ... presented evidence ... establishing that Ute Lake was used ' "for recreational purposes and for no other purpose" ' "). Because Joseph Bell was injured in a lake which was exclusively used as a park, and because Defendant failed to cite to any facts which would support an interpretation that, at the time of the accident, the park was being used for either diversion or storage of water, summary judgment that Defendant was immune from liability was, at that time, inappropriate.

9. This Court remanded the case for further proceedings. *Bell,* 117 N.M. at 74, 868 P.2d at 1299. A verdict was not directed for Plaintiffs. *See id.* Further proceedings in the trial court—a renewal of Defendants' motion for summary judgment—established that among the current uses of Ute Lake

were water diversion and storage purposes for the present benefit of certain communities and entities. This evidence contradicts Plaintiffs' contention that Ute Lake was used exclusively for recreational purposes at the time of the accident. The new evidence establishes that the case at bar is very similar to *Allocca* and is subject to the same analysis.

10. This Court in *Allocca* distinguished *Bell* on the facts, not on the law or on the concept of "lake" as opposed to "park." *Allocca*, 118 N.M. at 671, 884 P.2d at 827. In *Allocca*, the defendants had presented sufficient evidence in their motion for summary judgment to establish that Conchas Lake served multiple purposes. These purposes included the diversion and storage of water. This usage invoked the second sentence of Section 41–4–6, which preserves immunity from liability for public agencies engaged in works for the diversion and storage of water.

11. To the extent that *Bell* could be read to mean that water in the portion of the lake used as a park should be distinguished from water in the rest of the lake, it is not to be followed. The intent of the legislature in enacting Section 41–4–6 was to preserve sovereign immunity for water diversion and storage works. If Ute Lake was used for diversion and storage of water at the time of the accident, then immunity attaches according to the second sentence of Section 41–4–6. *Allocca*, 118 N.M. at 671, 884 P.2d at 827. This holding is consistent with our interpretation of Section 41–4–6 in prior cases. *See Espander*, 115 N.M. at 243, 849 P.2d at 386 ("there would be immunity for liability arising from ponds and ditches in public parks"); *Noriega*, 113 N.M. at 443, 827 P.2d at 158 (if first sentence of Section 41–4–6 could be read to waive immunity, second sentence restores immunity on the facts presented).

### LAW OF THE CASE

12. Plaintiffs argue that the principle of law of the case prevents Defendants from raising the issue of the waiver of immunity in a second motion for summary judgment. The law-of-the-case principle does not apply here. On the first appeal, this Court was asked to determine whether Defendants had met their burden of proving that there were no material facts in dispute, thereby entitling them to judgment as a matter of law. Based on the facts adduced at that time, this Court held that Defendants had not met their burden. The case was therefore remanded for further proceedings.

13. Further proceedings were held in accordance with this Court's order in *Bell*, 117 N.M. at 74, 868 P.2d at 1299. This Court's decision in *Allocca* on similar facts encouraged Defendant to introduce additional evidence of use of Ute Lake for storage and diversion of water and to resubmit the motion for summary judgment with sufficient evidence to meet the burden of proof. We disagree with Plaintiffs that by reversing the first summary judgment and remanding the case for further proceedings, this Court was determining the outcome of the case to be in Plaintiffs' favor.

14. Plaintiffs focus on the language in *Bell* which states, "we hold that immunity to Defendants was waived under Section 41–4–6." *Id.* at 74, 868 P.2d at 1299. However, the very next sentence provides the modifier: "the evidence presented *so far* makes a prima facie showing that immunity was waived...." *Id.* (emphasis added). The statement that immunity was waived must be read in the context of the facts presented in that particular appeal and in light of the law-of-the-case principle as it applies to interlocutory rulings that are appealed.

15. In *State ex rel. Udall v. Public Employees Retirement Board*, 118 N.M. 507, 882 P.2d 548 (Ct.App.), *cert. granted*, 118 N.M. 695, 884 P.2d 1174 (1994), this Court ruled that the law-of-the-case doctrine does not preclude a trial court from overturning an earlier interlocutory order. That case involved the constitutionality of a pension plan. A trial court judge issued an order that the plan was unconstitutional. *Id.* at 510, 882 P.2d at 551. A second judge, who succeeded the first judge during the pendency of the proceedings, vacated the predecessor judge's order and declared the plan to be constitutional. *Id.* This Court declared the second judge's ruling to have been erroneous, but rejected the Attorney General's contention that law-of-the-case doctrine prevented the trial court from reconsidering its earlier non-

final orders. *Id.* This Court held that it is not the duty of the trial court to perpetuate error when it realizes it has mistakenly ruled. *Id.* (citing *Tabet Lumber Co. v. Romero,* 117 N.M. 429, 431, 872 P.2d 847, 849 (1994)). Both *Public Employees Retirement Board* and *Tabet Lumber Co.* establish that the trial court has the authority to reconsider its interlocutory orders, and *Public Employees Retirement Board* explains that the grant of a motion for partial summary judgment or denial of a motion for summary judgment is an interlocutory order. *Public Employees Retirement Bd.,* 118 N.M. at 510, 882 P.2d at 551; *Tabet Lumber Co.,* 117 N.M. at 431, 872 P.2d at 849.

16. This Court's opinion in *Bell* clarified the meaning of Section 41–4–6. This Court's opinion in *Allocca* indicated how that interpretation would affect future cases. Defendants renewed their motion for summary judgment to comport with these two authorities. Defendants in the case at bar are entitled to summary judgment on the issue of immunity for their negligence with regard to the operation and maintenance of a public park that has a lake used for the diversion and storage of water.

17. Because this Court in *Bell* indicated that Defendants had not presented sufficient evidence "so far," we cannot say that Defendants were precluded from adducing new evidence. Plaintiffs' reliance on cases holding that new evidence may not be adduced where the prior appeal has not left the issue open, *see, e.g., Lyons v. Fisher,* 888 F.2d 1071, 1075 (5th Cir.1989), *cert. denied,* 495 U.S. 948, 110 S.Ct. 2209, 109 L.Ed.2d 535 (1990), are inapposite. By using the words "so far," our prior decision contemplated further proceedings at which further evidence might be adduced. Thus, in considering the new evidence, the trial court did not deviate from our mandate. Having adduced sufficient evidence with their renewed motion for summary judgment to meet the evidentiary standards of *Bell* and *Allocca,* Defendants are entitled to summary judgment on the issue of their liability under Section 41–4–6.

**REQUEST FOR NEW JUDGE**

18. Plaintiffs contend that the District Court Judge, the Honorable Gerald R. Cole, should be removed as the presiding judge over this case. Plaintiffs base their contention on statements by Judge Cole that he is familiar with the projects on the Canadian River, of which Ute Lake is a part. Plaintiffs further contend that Judge Cole is unwilling to follow the mandate of this Court and to accept the law of the case. This issue was not certified for interlocutory appeal, *see Houghland v. Grant,* 119 N.M. 422, 424, 891 P.2d 563, 565 (Ct.App.1995), and even if it were, we would not be inclined to grant Plaintiffs relief. As we stated in our analysis above, we do not find that law-of-the-case principles apply in this action to prevent Defendant from adducing evidence to support a motion for summary judgment. Further, Judge Cole's candid statements on the record, his denial of the renewed motion for summary judgment based on the doctrine of law of the case, and his certification to this Court for an interlocutory appeal ruling on Defendants' renewed motion convince us that he is well aware of the issues in this case and is exercising his judicial authority appropriately.

**CONCLUSION**

19. Disposition of this case by granting Defendants' renewed motion for summary judgment is appropriate. This matter is remanded with instructions to grant summary judgment on Plaintiffs' Section 41–4–6 claims. Plaintiffs' request for assignment of the case to a new trial court judge is denied.

20. IT IS SO ORDERED.

APODACA, C.J., and ALARID, J., concur.