This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**RUTALEE TODD,**

    Plaintiff-Appellant,

**v.**                                                                          **No. 29,960**

**VILLAGE OF RUIDOSO,**

    Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**James Waylon Counts, District Judge**

Jones Witt & Ragsdale
Luke W. Ragsdale
Roswell, NM

for Appellant

Hinkle, Hensley, Shanor & Martin LLP
Stephen Stuart Shanor
Roswell, NM

for Appellee

### MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Plaintiff appeals from the district court's order granting summary judgment to Defendant, the Village of Ruidoso ("Village") based upon sovereign immunity. [MIO 2-3] We proposed to affirm in a notice of proposed summary disposition, and Plaintiff has filed a timely memorandum in opposition. Remaining unpersuaded by Plaintiff's memorandum, we affirm the order granting summary judgment to the Village.

Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Rule 1-056 NMRA; *See Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. We review the district court's ruling on summary judgment as a question of law. *See id.* ¶ 6.

Plaintiff's claims against the Village are based on the Village's allegedly negligent failure to maintain the drainage systems throughout the Village and specifically, the drainage ditches on Plaintiff's street. [MIO 1; RP 1-2 ¶¶ 7-8] She claims that the Village failed to properly clean the drainage system which caused water runoff to flood her home which damaged her home and personal property. [MIO 1; RP 2 ¶¶ 9-10, 13]

As discussed more fully in our notice of proposed summary disposition, Plaintiff's complaint was dismissed due to Defendant's sovereign immunity under the Tort Claims Act, NMSA 1978, Sections 41-4-1 to -27 (1976, as amended through 2009) ("TCA"). [RP 60-61] "[W]hether governmental immunity under the TCA bars a tort claim is a question of law which we review de novo." *Rutherford v. Chaves County*, 2003-NMSC-010, ¶ 8, 133 N.M. 756, 69 P.3d 1199. In our notice of proposed summary disposition, we proposed to hold that there is no section of the TCA which waives immunity for the claims in Plaintiff's complaint.

Section 41-4-6(A) of the TCA waives immunity for "liability for damages resulting from bodily injury, wrongful death or property damage caused by the negligence of public employees while acting within the scope of their duties in the operation or maintenance of any building, public park, machinery, equipment or furnishings." However, as Plaintiff concedes, [MIO 2] Section 41-4-6(B) specifically provides that "[n]othing in this section shall be construed as granting waiver of immunity for any damages arising out of the operation or maintenance of works used for diversion or storage of water."

As this case concerns alleged negligence in the operation or maintenance of a water diversion system, the Village is immune from liability. *See Bybee v. City of*

*Albuquerque*, 120 N.M. 17, 20-21, 896 P.2d 1164, 1167-68 (Ct. App. 1995) (holding that the City is immune from damages occurring in its flood control diversion channel); *Noriega v. Stahmann Farms, Inc.*, 113 N.M. 441, 442-44, 827 P.2d 156, 157-59 (Ct. App. 1992) (holding that the State is immune from liability for damages caused by a fall into an irrigation ditch because the claim falls within the exception to the waiver of immunity set forth in Section 41-4-6).

In her memorandum in opposition, Plaintiff argues that the TCA does not provide sovereign immunity because the failure to provide proper maintenance is not protected under the TCA. [MIO 2] We disagree and direct Plaintiff to the language of Section 41-4-6(B) which specifically states that there is no waiver of immunity for "damages arising out of the operation **or maintenance** of works used for diversion or storage of water." Section 41-4-6(B) (emphasis added). She also argues that sovereign immunity is reserved only for actions, not failures to act. [MIO 2-3] We are unpersuaded because there is nothing in the TCA stating that immunity is waived for failures to act. Furthermore, Plaintiff has cited to no authority for the proposition that a tort based on a negligent failure to act should be treated differently than a tort based on an allegedly negligent action. *Cf.* UJI 13-1601 NMRA (noting that "[t]he term 'negligence' may relate either to an act or a failure to act"); *In re Adoption of*

4

*Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that when a party cites no authority to support an argument, we may assume no such authority exists).

**CONCLUSION**

For the foregoing reasons as well as those set forth in our notice of proposed disposition, we affirm the order granting summary judgment to the Village of Ruidoso.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CYNTHIA A. FRY, Chief Judge**

_____

**RODERICK T. KENNEDY, Judge**

6