This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-39933**

**MARICAR CASTRO,**

Plaintiff-Appellant,

v.

**UNIVERSITY OF NEW MEXICO
MEDICAL GROUP,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Daniel E. Ramczyk, District Court Judge**

Gilpin Law Firm, LLC
Donald G. Gilpin
Christopher P. Machin
Albuquerque, NM

for Appellant

Garcia Law Group, LLC
Bryan C. Garcia
Meghan S. Nocholson
Andrew J. Deakyne
Albuquerque, NM

for Appellee

### MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** Plaintiff Maricar Castro appeals the grant of summary judgment on her Whistleblower Protection Act (WPA) claim, NMSA 1978, Sections 10-16C-1 to -6 (2010). The district court granted summary judgment in favor of Defendant University of

New Mexico Medical Group after finding, as a matter of law, that Defendant was not subject to the WPA because of its status as a private, nonprofit corporation under the University Research Park and Economic Development Act (URPEDA), NMSA 1978, §§ 21-28-1 to -25 (1989, as amended through 2022).1 On appeal, Plaintiff argues that the district court erroneously granted summary judgment because (1) a genuine issue of material fact exists as to whether Defendant was a public employer subject to the WPA and (2) the district court's earlier denial of Defendant's motion to dismiss Plaintiff's WPA claim was law of the case.2 Plaintiff has failed to convince us of error and we therefore affirm.3

**BACKGROUND**

**{2}**     Defendant employed Plaintiff as the chief radiation therapist at the UNM Cancer Center. Plaintiff claims she witnessed unsafe and unethical practices occurring in her department and reported them to a compliance hotline during a state audit, and to the executive director of human resources. Thereafter, Defendant discharged Plaintiff from her position, indicating that Plaintiff had violated internal policy and that her services were no longer needed. Plaintiff then filed a complaint seeking monetary damages under the WPA and common law wrongful discharge alleging that her termination constituted retaliation for reporting her concerns.

**{3}**     Defendant filed a motion to dismiss, arguing that URPEDA provided university research park corporations immunity from both the WPA and wrongful discharge claims. The parties did not dispute at this stage, nor later during summary judgment, that Defendant is incorporated under URPEDA and is a university research park corporation.

**{4}**     The district court granted Defendant's motion to dismiss on the wrongful discharge claim, but denied the motion as to Plaintiff's WPA claim. The district court did not provide reasoning in its order, but when it announced its decision in court indicated that the WPA could potentially apply to research park corporations incorporated under

1Section 21-28-7 was amended during the pendency of this appeal. *See* § 21-28-7 (1998, amended 2022). We apply the version in effect at the time of the events giving rise to this lawsuit. All citations to Section 21-28-7 in this opinion are to the 1998 version.

2Plaintiff also appeals the grant of a motion to dismiss her wrongful discharge claim. However, Plaintiff conceded that the URPEDA immunized Defendant from wrongful discharge claims in her response to the motion to dismiss and at the hearing on that motion. *See* § 21-28-7(C) ("A research park corporation, its officers, directors and employees shall be granted immunity from liability for any tort as provided in the Tort Claims Act (TCA)[, NMSA 1978, §§ 41-4-1 to -30 (1976, as amended through 2020)].") Considering this concession, Plaintiff cannot reasonably claim that she fairly invoked a ruling by the district court on this issue. *See Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 30, 482 P.3d 1261 ("To preserve an issue for review on appeal, it must appear that the appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court." (alteration, internal quotation marks, and citation omitted)); *see also Vigil v. Taintor*, 2020-NMCA-037, ¶ 8, 472 P.3d 1220 (providing that "[w]e will not review arguments that were not preserved in the district court" and that we will not "consider as preserved arguments that are waived below" (internal quotation marks and citation omitted)). Accordingly, we decline to review this unpreserved argument.

3The Court ordered that the parties provide supplemental briefing in this appeal and both parties timely complied. The briefs were considered along with those initially filed by the parties in resolving the issues presented on appeal.

the URPEDA because the WPA might not fall within the term "laws relating to personnel" as used by Section 21-28-7(A). Defendant unsuccessfully sought a writ of superintending control to our Supreme Court after the district court denied the motion to dismiss the WPA claim. Order, *UNM Medical Group v. Butkus*, S-1-SC-37662, (N.M. June 6, 2019).

**{5}** Defendant then filed two summary judgment motions directed to Plaintiff's WPA claim: one based on its URPEDA status as a private corporation and the other based on the legitimate business purpose of termination. In her response to Defendant's motion for summary judgment based on its URPEDA status, Plaintiff admitted that Defendant is a private sector, nonprofit corporation incorporated under URPEDA and the Nonprofit Corporations Act, NMSA 1978, §§ 53-8-1 to -99 (1975, as amended through 2021). However, Plaintiff also argued that Defendant is a "public entity of UNM" and therefore subject to the WPA, even though Defendant is a nonprofit corporation.

**{6}** Without a hearing, the district court granted Defendant's motion for summary judgment based on its URPEDA status and consequently determined Defendant's other such motion to be moot. The district court found that there was no factual dispute that Defendant is a private, nonprofit corporation and that the "specific and plain language of the URPEDA makes clear that Plaintiff is not permitted to bring personnel claims against . . . Defendant which are available only against public entities." Thus, the district court dismissed the WPA claim as a matter of law. Plaintiff appealed.

## DISCUSSION

### I. The District Court Did Not Err In Concluding That There is no Genuine Issue Of Material Fact as to Whether Defendant was a Public Employer Subject To The WPA

**{7}** Plaintiff argues that the district court erred in determining that the plain language of the URPEDA precludes WPA claims and that a genuine dispute of material fact prevents the grant of summary judgment on this issue. Defendant responds that the district court correctly granted summary judgment because the plain language of the URPEDA precludes WPA claims, and there were otherwise no material issues of fact in dispute. Plaintiff has not persuaded us of error.

**{8}** We review de novo the district court's grant of summary judgment, the language of the URPEDA and WPA, and the application of that language to the facts presented in this case. *See Cox v. N.M. Dep't of Pub. Safety*, 2010-NMCA-096, ¶ 4, 148 N.M. 934, 242 P.3d 501 (observing that "[a]n appeal from the grant of a motion for summary judgment presents a question of law and is reviewed de novo" and "[t]he meaning of language used in a statute is a question of law that we review de novo" (internal quotation marks and citations omitted)). However, "it is the appellant's burden to persuade us that the district court erred" because "there is a presumption of correctness in the rulings and decisions of the district court." *See Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 (internal quotation marks and citation omitted). In granting summary judgment, the district court determined that "[t]he specific and plain

language of the URPEDA makes clear that Plaintiff is not permitted to bring [WPA] claims against this Defendant which are available only against public entities." We thus began our analysis by engaging in statutory construction to determine whether the WPA applies to research park corporations created under the URPEDA, or whether Section 21-28-7 precludes application of the WPA.

**{9}** "In interpreting statutes, we seek to give effect to the Legislature's intent, and in determining intent we look to the language used and consider the statute's history and background." *Valenzuela v. Snyder*, 2014-NMCA-061, ¶ 16, 326 P.3d 1120 (internal quotation marks and citation omitted). "Our courts have repeatedly observed that a statute's plain language is the most reliable indicator of legislative intent." *Stennis v. City of Santa Fe*, 2010-NMCA-108, ¶ 10, 149 N.M. 92, 244 P.3d 787. "[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." *Truong v. Allstate Ins. Co.*, 2010-NMSC-009, ¶ 37, 147 N.M. 583, 227 P.3d 73 (internal quotation marks and citation omitted). "We will not depart from the plain wording of a statute, unless it is necessary to resolve an ambiguity, correct a mistake or an absurdity that the Legislature could not have intended, or to deal with an irreconcilable conflict among statutory provisions." *Regents of the Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998-NMSC-020, ¶ 28, 125 N.M. 401, 962 P.2d 1236.

**{10}** The Legislature enacted the URPEDA in 1989, in part, to allow universities to form "research park corporations" under the Nonprofit Corporation Act, and "to promote, develop and administer research parks or technological innovations for scientific, educational and economic development opportunities." Section 21-28-4(A). Research park corporations are "separate and apart from the state and the university," *id.*, are governed by a board of directors appointed by the university's regents, § 21-28-4(B), and may sue and be sued in their corporate names. Section 21-28-6(B).

**{11}** The URPEDA specifically provides the following limitations on suits against research park corporations:

>      A.      A research park corporation *shall not be deemed an agency, public body or other political subdivision of New Mexico*, including for purposes of applying statutes and laws relating to personnel, procurement of goods and services, meetings of the board of directors, gross receipts tax, disposition or acquisition of property, capital outlays, per diem and mileage and inspection of records.

>      B.      A research park corporation shall be deemed:

>      (1)      an agency or other political subdivision of the state for purposes of applying statutes and laws relating to the furnishing of goods and services to the university that operates it and the risk management fund; and

(2)  a public employer for the purposes of the Public Employee Bargaining Act (PEBA)[, NMSA 1978, 10-7E-1 to -26 (2003, as amended through 2020),] if it owns, operates or manages a health care facility or employs individuals who work at a health care facility.

C.  A research park corporation, its officers, directors and employees shall be granted immunity from liability for any tort as provided in the Tort Claims Act (TCA)[, NMSA 1978, 41-4-1 to -27 (1976, as amended through 2020)]. A research park corporation may enter into agreements with insurance carriers to insure against a loss in connection with its operations even though the loss may be included among losses covered by the risk management fund of New Mexico.

Section 21-28-7 (emphasis added).

**{12}**  The WPA, in turn, prohibits a public employer from taking retaliatory action against a public employee. *See* § 10-16C-3. The WPA defines a "public employer" as:

(1)  any department, agency, office, institution, board, commission, committee, branch or district of state government;

(2)  any political subdivision of the state, created under either general or special act, that receives or expends public money from whatever source derived;

(3)  any entity or instrumentality of the state specifically provided for by law; and

(4)  every office or officer of any entity listed in Paragraphs (1) through (3) of this subsection.

Section 10-16C-2(C).

**{13}**  Plaintiff acknowledges that, pursuant to URPEDA, Defendant cannot be considered "an agency, public body or other public subdivision of New Mexico" for purposes of personnel laws, including the WPA. Plaintiff contends instead that URPEDA does not address "entities or instrumentalities" and maintains that Defendant is an "entity or instrumentality of the state specifically provided by law," § 10-16C-2(C)(3), and therefore a "public employer" pursuant to the plain language of the WPA. Concluding otherwise, Plaintiff continues, would lead to absurd results. Defendant responds that the plain language of URPEDA "specifically articulates that [Defendant] is not a public employer," and "[t]he WPA only applies to public employers," therefore "[t]he WPA does not apply to [Defendant]."

**{14}**     To determine whether the Legislature intended for the URPEDA to preempt WPA claims against research park corporations, we first turn to the applicable statutory language. *See Valenzuela*, 2014-NMCA-061, ¶ 16. As quoted above, the WPA's definition of "public employer" explicitly includes the terms "agency" and "political subdivision." Section 10-16C-2(C)(1)-(2). This terminology overlaps with the WPA's public employer definition, *id.*, and the URPEDA language, *see* § 21-28-7(A), and is the first indication that the Legislature did not intend for WPA to apply to research park corporations. *See N.M. Indus. Energy Consumers v. N.M. Pub. Regul. Comm'n*, 2007-NMSC-053, ¶ 20, 142 N.M. 533, 168 P.3d 105 ("[T]wo statutes covering the same subject matter should be harmonized and construed together when possible, in a way that facilitates their operation and achievement of their goals." (citation omitted)). Nevertheless, Plaintiff argues that Defendant is an "entity or instrumentality of the state specifically provided for by law"—as enumerated under the WPA as subject to its requirements—and therefore the WPA applies. *See* § 10-16C-2(C)(3).

**{15}**     Although the plain language in the URPEDA does not explicitly preempt research park corporations from being deemed an "entity or instrumentality of the state," under Section 10-16C-2(C)(3) of the WPA, we examine whether these terms fall within the meaning of "public body," as used in Section 21-28-7(A) of URPEDA. We requested the parties to provide supplemental briefing on this topic. In response, Plaintiff conceded that "there is no substantive difference" between the terms in the WPA and URPEDA. Given this concession, we treat the terms as coextensive for the purposes of this appeal. *See, e.g., Pirtle v. Legislative Council Comm. of N.M. Legislature*, 2021-NMSC-026, ¶ 58, 492 P.3d 586 ("As a general rule, appellate courts rely on adversarial briefing to decide legal issues and avoid reaching out to construct legal arguments that the parties, intentionally or otherwise, have not presented."). In light of Plaintiff's concession, and Plaintiff's failure to develop an argument in her brief in chief or reply brief as to why we should treat the term "entity of the State" any different from "an instrumentality of the state," we do not consider the matter further. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to consider an undeveloped argument). Consequently, accepting Plaintiff's argument and concluding that Defendant is an "entity or instrumentality of the state," § 10-16C-2(C)(3), subject to the WPA, would necessarily violate URPEDA's directive to not deem a research park corporation a "public body," § 21-28-7(A).

**{16}**     The conclusion that Defendant is not a public employer and thus not subject to the WPA is supported by the exception included in Section 21-28-7(B) of URPEDA. There is one exception to the general rule that "research park corporations shall not be deemed an agency, public body or other political subdivision." *See* § 21-28-7(A)-(B). Section 21-28-7(B) requires research park corporations to be deemed "an agency or other political subdivision of the state for purposes of applying statutes and laws relating to the furnishing of goods and services to the university that operates it and the risk management fund." This limited and specific exception demonstrates that the Legislature generally intended to preclude research park corporations from being treated as public employers, unless otherwise specifically directed. *See Augustin Plains Ranch v. D'Antonio*, 2023-NMCA-001, ¶ 13, 521 P.3d 1226 ("[T]he Legislature knows

how to include language in a statute if it so desires." (internal quotation marks and citation omitted)).

**{17}** Next, we reject Plaintiff's argument that our holding leads to an absurd result because it would "deny employees of an entity under URPEDA from relief under both the [WPA] and common law wrongful discharge." This Court has recognized that "[w]hen a peculiarity in the literal language of a statute leads to an absurd result, the court may construe the statute according to its purpose to avoid the absurdity." *City of Rio Rancho v. Logan*, 2008-NMCA-011, ¶ 18, 143 N.M. 281, 175 P.3d 949 (citation omitted). However, "we diverge from the plain meaning of a statute to avoid an absurd result only when it is clear that the legislature did not intend such a result." *State v. Maestas*, 2007-NMSC-001, ¶ 22,140 N.M. 836, 149 P.3d 933; *see also BOKF, N.A. v. Unknown Heirs of Pacheco*, 2021-NMCA-010, 484 P.3d 1020 ("We may only add words to a statute where it is necessary to make the statute conform to the Legislature's clear intent, or to prevent the statute from being absurd." (alterations, internal quotation marks, and citation omitted)).

**{18}** Concluding that the WPA language created an exception to URPEDA's general prohibition against treating a research park corporation as public bodies would read into a statute language that is not there, which we cannot do. *High Ridge Hinkle Joint Venture v. City of Albuquerque*, 1998-NMSC-050, ¶ 5, 126 N.M. 413, 970 P.2d 599 ("The court will not read into a statute or ordinance language which is not there, particularly if it makes sense as written." (internal quotation marks and citation omitted)). The plain meaning of the statutes is clear and unambiguous, and there is no clear evidence that the Legislature intended a different result; therefore we must refrain from further interpretation. *See Sims v. Sims*, 1996-NMSC-078, ¶ 17, 122 N.M. 618, 930 P.2d 153 ("[W]hen a statute contains language which is clear and unambiguous, we must give effect to that language and refrain from further statutory interpretation." (internal quotation marks and citation omitted).

**{19}** Furthermore, as this Court recently observed when addressing a similar contention, *see Gardner v. N.M. Health Ins. Exch.*, mem. op. ¶ 14 (N.M. Ct. App. Feb. 23, 2023) (nonprecedential), the Legislature may exempt from or limit liability of government bodies, entities, agencies, etc., and to do so is a policy decision. *See* § 41-4-2(A) (stating that it is "the public policy of New Mexico that governmental entities" are "only . . . liable within the limitations of the [TCA]"); *see also* § 21-28-7(C) (stating that "[a] research park corporation, its officers, directors and employees shall be granted immunity from liability for any tort as provided in the [TCA]"); *see also* § 10-16C-6 ("A civil action pursuant to the [WPA] shall forever be barred unless the action is filed within two years from the date on which the retaliatory action occurred."). "Unless a statute violates the Constitution, we will not question the wisdom, policy, or justness of legislation enacted by our Legislature." *Aeda v. Aeda*, 2013-NMCA-095, ¶ 11, 310 P.3d 646 (alteration, internal quotation marks, and citation omitted). We will not say that the Legislature's proper exercise of its power was absurd when creating Defendant and limiting its liability.

## II. The District Court did Not Err In Concluding that the Law of the Case Doctrine did not Preclude Granting Summary Judgment

**{20}** Finally, we address Plaintiff argument that, by denying Defendant's prior motion to dismiss Plaintiff's WPA claim, the district court decided that the URPEDA did not preclude WPA claims as matter of law, and therefore the law of the case doctrine preempted the district court from granting Defendant's subsequent motion for summary judgment. We do not agree the law of the case precluded the district court's entry of summary judgment.

**{21}** The "law of the case doctrine relates to litigation of the same issue recurring within the same suit." *Cordova v. Larsen*, 2004-NMCA-087, ¶ 10, 136 N.M. 87, 94 P.3d 830. "Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation." *Id.* (internal quotation marks and citation omitted). The district court's denial of Defendant's motion to dismiss the WPA claim was an interlocutory order, not a final judgment on the merits of Plaintiff's action. *See, e.g., Sims v. Sims*, 1996-NMSC-078, ¶ 59, 122 N.M. 618, 930 P.2d 153 ("An interlocutory decision is any decision made by the court prior to the final judgment."); *Gutierrez v. Gutierrez*, 1993-NMCA-103, ¶ 3, 116 N.M. 86, 860 P.2d 216 (dismissing an appeal from a denial of a motion to dismiss on the ground that such an order is not final). "An interlocutory order may be revised at any time prior to final judgment," *Sims*, 1996-NMSC-078, ¶ 59, and this Court has held that the law of the case doctrine does not prevent a district court from doing so, *see Laughlin v. Convenient Mgmt. Services, Inc.*, 2013-NMCA-088, ¶ 23, 308 P.3d 992 (observing that "although it would be grossly inefficient for district courts to review repeatedly their interlocutory rulings, the law-of-the-case doctrine does not prohibit the practice" (alteration, internal quotation marks, and citation omitted)); *Bell v. N.M. Interstate Stream Comm'n*, 1996-NMCA-010, ¶¶ 12-17, 121 N.M. 328, 911 P.2d 222 (providing that "the law-of-the-case doctrine does not preclude a trial court from overturning an earlier interlocutory order"). Thus, even assuming for the purposes of this opinion that, as Plaintiff argues, the district court determined at the motion to dismiss stage that the URPEDA did not preclude WPA claims as matter of law, we perceive no error in the district court's later decision to grant Defendant's motion for summary judgment on the basis that the URPEDA does preclude WPA claims against Defendant.

## CONCLUSION

**{22}** For the foregoing reasons, we affirm.

**{23} IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**J. MILES HANISEE, Judge**